THE STATE, EX REL., ETC. *v.* M. P. DEPEDER, ET AL.

BOND. *For liquor license. "Legal proceeding." Defect cured by § 2305, Code of* 1880. *Case in judgment.*

    D. executed a bond in 1885, and obtained license thereby to retail liquors. The bond omitted to provide against the sale of liquor to minors, as required by law. D. sold liquor to a minor, and an action was brought against him and his sureties for a breach of the bond. *Held*, that they were liable by virtue of § 2305, Code of 1880, which provides that any bond executed in "any legal proceeding" shall have the same effect as if "conditioned in all respects as required by law: *Provided*, such bond had the effect in such proceeding which a bond payable and conditioned as prescribed by law would have had."

APPEAL from the Circuit Court of Warren County.

HON. RALPH NORTH, Judge.

In 1885 Depeder & Brother executed a bond on which license was issued to them to retail vinous and spirituous liquors. This ·bond contained no provision against the sale of liquors to minors, as is required by chapter 39, Code of 1880, but contained an obligation as follows: "And they will in all things faithfully observe

and keep the provisions of chapter 56, Revised Code of Mississippi, adopted January 1, 1871." This chapter contained no provision against the sale of liquors to minors.

The State, on information, brought this action against the principals and sureties for a breach of such bond, and alleged that the breach consisted in a sale of liquor to a minor. The defendants demurred to the declaration, the demurrer was sustained, and the plaintiff appealed.

*McCabe & Anderson,* for the appellant.

The demurrer should have been overruled, because the granting of license to M. P. Depeder & Brother to retail liquors, being undoubtedly a "*legal* proceeding," if, indeed, it was not also a *judicial one,* and the bond having performed the office of a strictly formal one, all defects and informalities are cured by statute, and they and their sureties are liable thereon for selling to the minor mentioned in the declaration. Code, 1880, § 2305 ; *Carothers* v. *Leigh Bros.,* 60 Miss. 258 ; *Clark* v. *Clinton,* 61 Miss. 337.

*M. Marshall,* for the appellees.

1. Does § 2305, Code of 1880, authorize the court to insert in the bond an obligation for a thing not contracted for ?

This section was intended not to make contracts for parties, but to cure irregularities in those the parties made.

This is evidently its *raison d'etre.* And, although the words employed are, " When any bond, etc., etc., shall be executed *in any legal proceeding,*" yet it is manifest that the expression " legal proceeding," means any proceeding at law.

It does not mean any *lawful* dealings—that is to say, any contract that the law permits to persons in private transactions.

The phrase "legal proceeding," is incidentally construed in *State* v. *Fortinberry,* 54 Miss. 316, and the same case on page 321 shows, by enumerating the bonds so spoken of, that all of them are bonds taken during judicial proceedings or suits.

Not to amplify the point, I refer to Andrews Digest, p. 68, title bonds, §§ 7, 8, to show a like use of the phrase.

If the section meant what the appellant contends it means, it would be unconstitutional, for it would be a law impairing the

obligation of contracts within the meaning of the Federal Constitution, for the obligation of a contract is impaired by a statute imposing new conditions to the contract. *Bailey* v. *Philadelphia R. R.*, 4 Harring. 389; S. C., 44 Am. Decisons, 593; 3 Story's Com. 250; *Green* v. *Biddle*, 8 Wheat. 1; *McCullogh* v. *Maryland*, 4 Wheat. 316.

ARNOLD, J., delivered the opinion of the court.

The demurrer to the declaration should have been overruled. The execution of the bond was one of the steps in a proceeding authorized and required by law, in order to obtain license to retail liquor. The bond was executed in a legal proceeding, and license, it is alleged, was thereupon issued. Section 2305 of the Code applies, as it does in all cases, where any bond, recognizance, obligation, or undertaking of any kind shall be executed in any legal proceeding, and such bond, or other obligation or undertaking shall have the effect in such proceeding which a bond or other undertaking, if payable or conditioned as prescribed by law, would have had.

*The judgment is reversed, and the cause remanded for further proceedings.*