HOUSTON ALFRED ET AL. v. LEONIDAS B. BATSON.

[45 South., 465.]

1. JUSTICE OF THE PEACE. *Judgment. Service of process. Special deputy. Sale of land. Execution.*

A sale of land under execution issued on a default judgment of a justice of the peace will not be void because the record fails to show the existence of circumstances authorizing the appointment of the person specially deputed to serve, and who executed and returned the original summons in the case.

2. SAME. *Presumption. Code 1892, § 2403. Code 1906, § 2732.*

Where a summons in a suit before a justice of the peace was executed and returned by a person specially deputed by the justice to serve the same, the existence of circumstances warranting the deputation, under Code 1892, § 2403, will be presumed, in the absence of a showing to the contrary.

FROM the circuit court of Pearl River county.

HON. WILLIAM H. COOK, Judge.

Batson, appellee, was plaintiff in the court below; Alfred and another, appellants, were defendants there. From a judgment in plaintiff's favor the defendants appealed to the supreme court.

The case is fully stated in the opinion of the court.

*Napier & Huddleston,* for appellants.

The transcript of the record was inadmissible because it showed on its face that the judgment was absolutely void, being a judgment by default without legal service on the defendant and

thus violative of those provisions of both the constitution of the United States and of the state which provide " that no person shall be deprived of life, liberty or property without due course of law."

This is not a collateral attack on the judgment. When a judgment is offered in evidence and it appears that the court did not have jurisdiction either of the subject-matter or of the person, an objection to its introduction is not a collateral attack upon such judgment — but simply shows that it is no judgment at all. *Morrill* v. *Morrill,* 23 Am. St. Rep., 104, note.

There was never service upon the defendants. Under the common law, the sheriff was the only officer charged with the duty or who could serve process. 22 Am. & Eng. Enc. L. (1st ed.) 178, note beginning in first column.

Our law makes the constable the executive officer of the justice court. Also under certain circumstances the coroner and the justices of the peace may serve writs.

It is elementary law, that the court must have jurisdiction in personal actions *in personam* of the person of the defendant, before a valid judgment by default can be rendered against such defendant.

Jurisdiction over defendants can be acquired in one of two ways viz.: By appearance in person or by the service of a legal writ by the officer and in the way and for the time prescribed by law. " Due course of law " if only satisfied by these requisites.

In courts of general and original jurisdiction, if the judg ment is otherwise correct, jurisdictional facts will be presumed. Not so as to courts of limited or special jurisdiction.

In the case at bar, the judgment objected to, is that of a court of limited jurisdiction to be obtained in a special way. In the case of *Root* v. *McFerrin,* 37 Miss., 17, this court says:

" No presumption in favor of judgments of courts of limited jurisdiction will be indulged." In *Bolivar County* v. *Coleman,* 71 Miss., 835, in speaking of the exercise of special jurisdiction

by the board of supervisors, this court says: " Being a court of record, the requisite facts to show this special jurisdiction and its lawful exercise must appear of record." And in *Scott* v. *Carter,* 44 Miss., 363, the court says: " Jurisdictional facts must appear, then presumptions may be indulged."

We submit that the judgment at bar is one of a court of record, of limited jurisdiction, attempting to exercise a jurisdiction over defendants to be acquired in a special way and we submit with confidence that to be a valid judgment, all these facts necessary to give the court such jurisdiction must appear of record, or the judgment by default is absolutely void; and would be subject to a collateral attack, if this was such an attack.

How can the justice court under the laws of this state get personal jurisdiction of the defendant, so that a judgment by default entered against him will be a valid and legal judgment?

(1st) By voluntary appearance. (2d) By the legal service of a legal writ, by a legal officer and the legal return thereof by a legal officer charged with that duty. A judgment by default of such court taken in any manner or upon any circumstances would be violative of that section of our state constitution (sec. 14, Constitution of 1890) which provides that " No person shall be deprived of life, liberty or property except by due process of law."

Under the common law the sheriff was the only officer to whom the writ could be addressed or who could execute or return the same. Our statute law in reference to justice of the peace courts provides section 2731, Code 1906; sec. 2402, Code 1892: " By whom process served; not to be issued to sheriff if, etc., unless, etc. The sheriff of any county, and his deputies, shall execute any process directed to him by any justice of the peace, but process shall not be directed to the sheriff, if there be a constable in the district qualified to act, unless there be in the opinion of the justice good reason therefor."

Section 831, Code of 1906; sec. 769, Code of 1892, " General Duties of Constables . . . ; to execute and return all proc-

ess, civil and criminal, lawfully directed to him, according to
the command thereof." We see from these two sections that the
constable is the executive officer of these courts of record of
limited jurisdiction and that he "must execute and return"
any process lawfully directed to him.

Section 2732, Code 1906; sec. 2403, Code 1892, is as follows:
" Persons appointed to execute process.— In cases of emergency,
and where a constable or sheriff or deputy-sheriff cannot be had
in time, the justice may appoint some reputable person to exe-
cute any process, the justice to be liable, etc. This is in con-
travention of the common law; it gives special jurisdiction to the
justice over the person of defendant and must be complied with
strictly and such compliance must appear of record. First we
desire to call the attention of the court to the fact that the
" reputable person " is not clothed with authority to return
the writ: but sec. 2733 and 2734, Code 1906; secs. 2404 and
2405, Code 1892, provide what the " reputable person " shall
do and who shall return the writ.

While it is true that our justice courts are courts of record,
and their transcripts and acts are to be dealt with leniently, yet
in the matter of acquiring jurisdiction otherwise than provided
for generally they are courts of limited and special jurisdiction
and the record must show that the court pursued the law and
jurisdictional facts affirmatively appear. We contend that the
judgment relied on and offered by the plaintiff in evidence in
the case at bar, is fatally defective for the following reasons:
(1) The record fails to show that the case pending before
such justice was one of " emergency "; in fact, the reasonable
inference is that it was to the contrary — a case of simple dam-
ages. (2) The record fails to show that a sheriff or constable
or deputy-sheriff could not be had in time. (3) It fails to
show that the writ was directed to the " reputable person "; and
(4) It fails to show a " return by a proper officer."

*Shivers & Shivers,* for appellee.

The appellant. says " the judgment was void because the

court never acquired jurisdiction over the defendants for the reason that they were not summoned by a competent officer, that the fact that this was a case of emergency does not appear on the record of the justice of the peace, that the record fails to show that no sheriff or constable or deputy-sheriff could be had in time, that it fails to show that the writ was directed to a " reputable person," and that it fails to show a " return by a proper officer," and recites many authorities in none of which can we find anything bearing on this particular kind of case, nothing which overrules the plain statute of the land, and the opinion of Judge CAMPBELL in *Hughston* v. *Cornish,* 59 Miss., 374. Appellant cites § 2732, Code 1906; § 2403, Code 1892, and calls the attention of the court to the fact that while the justice of the peace has the authority to appoint some reputable person to execute process, but that nowhere between " kiver and kuver " of either code is he given authority to return the writ and refers to secs. 2733 and 2734, Code 1906 (secs. 2404 and 2405, Code 1892) as providing what the " reputable person shall do and who shall return the writ." Sections 2733, Code 1906; § 2404, Code 1892, refers solely to property seized in execution of any process, by one appointed by the justice of the peace to execute it, providing that the property so seized shall be immediately delivered with the process, to the sheriff of the county, or constable of the district in which the seizure was made; and that the person from whom the property was taken shall at once be informed who has it, and such property shall be considered and dealt with as if it had been seized by the officer to whom it was delivered at the time of its delivery to him. Section 2734, Code 1906; § 2405, Code 1892, read " the process so delivered to the sheriff or constable shall be returned by him to the justice who issued it according to command." This section simply informs the sheriff or constable what he shall do with the process after it has been executed, and the property and process turned over to him by the reputable person appointed by the justice and who until he had so turned over

ALFRED v. BATSON. [Oct., 1907.

Opinion of the court.

process was a citing under the appointment of the justice and for whom the justice was liable on his bond if any damage should arise to a party to the cause from his appointment.

Nowhere in the statute is there any provision or hint given that he must turn over such process as a summons or subpœna to any other person or officer to be by him returned to the justice.

The opinion in the case of *Hughston* v. *Cornish, supra,* which appellant seems to have overlooked, covers every ground of his objections.

CALHOON, J., delivered the opinion of the court.

This was a declaration in ejectment, brought by the appellee, Batson, against the appellants, to recover certain land, to which there was a plea of not guilty. Batson claims title because of an execution issued by the circuit clerk on an enrolled and recorded judgment of the justice of the peace in favor of Batson against the appellants. In the course of the trial Batson, to make out his case, offered a transcript of the proceedings before the justice of the peace, enrolled in the circuit clerk's office and recorded in the chancery clerk's office. The solitary objection made in the court below on the trial was because there was no legal service upon the defendant in the justice of the peace court, for the reason that " the record shows affirmatively that the said justice of the peace appointed one Wheat, a private person, to execute and return the writ, and there is no showing anywhere in the record that it was a case of emergency, and that the constable, or sheriff, or a deputy sheriff, could not be had in time, and because the judgment purports to have been one for unliquidated damages, without showing that a writ of inquiry was had and verdict thereon, and because the execution is one for costs and the costs are not itemized," which objection was overruled.

It has been held that the book styled " Docket of the Justice of the Peace " contains the record of the proceedings of that

court, a copy of which he is directed to transmit to the circuit clerk, and a certified transcript of which is required to be recorded. It is further held that a certified transcript from the chancery clerk's deed books of the record of the copy of that docket, the execution and return and the sheriff's deed, is enough for the purchaser at the sale of the land to have; and it is held in the same case that the docket record of the justice of the peace of the issuance and return of process is as much entitled to be accepted as true as would be a copy of the summons and the return on it certified by him, and the special appointment presumed to be valid. In *Hughston* v. *Cornish,* 59 Miss., 373, the very point was made as is made here. In the proceeding now before us, it must be taken that the special constable was properly appointed.

*Affirmed.*