MRS. R. D. BROWN v. WILLIAMS-BROOKE CO. et al.

[63 South. 351.]

1. JUSTICES OF THE PEACE. Attachment and garnishment. Proceedings. Judgment. Sheriffs and constables. Service of process. Special constables. Appointment. Pleading. Cured by verdict. Code 1906, section 2732.

In a suit begun by attachment and garnishment before a justice of the peace, it is not error for the justice to embody in one judgment the determination of all the issues involved.

2. ATTACHMENT. Proceedings. Judgment.

The fact that an attachment writ recited that defendant unjustly refuses to apply the property which he has and rights of action to the payment of his debts, whereas the affidavit recites that he has property and rights in action which he conceals and unjustly refuses to apply to the payment of his debts, is immaterial.

3. SHERIFFS AND CONSTABLES. Service of process. Special constable. Appointment. Code 1906, section 2732.

Under Code 1906, section 2732 authorizing justice of the peace to appoint special constables to serve process in cases of emergency, such appointment is not required to be in writing.

4. PLEADING. Cure by verdict.

The failure of a complaint and affidavit in attachment and garnishment to charge that plaintiff was a corporation cannot be availed of by defendant after verdict is rendered without objection, where the plaintiff's name fairly imports that it is a corporation.

APPEAL from the chancery court of Newton county. HON. SAM WHITMAN, JR., Chancellor.

Bill by Mrs. R. D. Brown against the Williams-Brooke Company and another. From a decree dissolving an injunction, complainant appeals.

The facts are fully stated in the opinion of the court.

J. R. Byrd, for appellant.

On the 16th day of December, 1911, appellee, defendant below, sued out a writ of attachment against Jim F.

Brown and suggested in said writ that appellant, complainant below, be summoned as a garnishee. On the 19th day of December, 1911, a pretended service of said writ was had on complainant. On the 13th day of January, 1912, the following judgment was taken against complainant and the said Jim F. Brown: This cause coming on to be heard this, the 13th day of January, 1912, being a regular court day and it appearing that both the defendant, Jim F. Brown and the garnishee, Mrs. R. D. Brown, having been legally summoned and both having made default in appearing to answer said suit, it is therefore ordered and adjudged that the plaintiff, Williams-Brooke Company have a judgment against the said Jim F. Brown in the attachment suit for one hundred and sixteen dollars and costs and a judgment against Mrs. R. D. Brown as garnishee in the same amount, for which let execution issue.

Ordered this the 13th day of January, 1912.

W. J. Massingale, J. P.

On this judgment defendant had an execution issued and complainant exhibited her bill in chancery against the defendant restraining them in the premises. At the June term of the chancery court of said county defendant filed a demurrer to complainant's bill and a motion to dissolve the temporary injunction. The chancellor sustained the demurrer, granted complainant leave to amend her bill, which she did, and overruled the motion to dissolve the injunction. Some two or three months thereafter defendants made another motion before the chancellor, in vacation, to dissolve the temporary injunction; this motion was sustained and the temporary injunction dissolved and to this action of the chancellor complainant appeals to this court.

I most earnestly contend that this judgment, rendered by the justice of the peace, is absolutely void for many reasons, and if I am correct in this the chancellor's action in dissolving the temporary injunction was erro-

neous. Besides, the chancellor erred in entertaining and acting on the second motion to dissolve the temporary injunction before final hearing. Defendants had had their day in court on one motion to dissolve the temporary injunction and failing in that they could not be heard on a second motion before final hearing.

The service of process on complainant and on which the justice of the peace rendered his judgment was absolutely void. This process was served by one L. S. Sessums with no authority except that given verbally by H. E. Massingale who was the legally authorized constable of the district. That the said Sessums instead of returning the writ to the justice of the peace returned it to H. E. Massingale, the constable, and he, the said Massingale, made the return to the justice of the peace. All of which will fully appear by reference to the said H. E. Massingale's affidavit, as shown by the record. Surely no valid judgment could be rendered by any court by default on such service and return.

In all attachment suits there must be two separate and distinct judgments; one on the attachment issue and another on the debt issue, and if there be a claimant or a garnishment there must be another judgment on that issue. This is a universal rule, recognized by all courts. The attachment issue must be disposed of first. If that results in a judgment sustaining the attachment the plaintiff in attachment can then proceed to try the debt issue. And if that result in a judgment in favor of the attaching creditor then the claimant's issue or the garnishee's rights are heard. On these three separate and distinct issues three separate and distinct judgments are entered. On the other hand if the attachment issue is abandoned or is lost by the attaching creditor then there is no claimant's issue or answer of the garnishee required. The attaching creditor having lost his attachment issue loses all right to the property levied on, if any and all right against the garnishee. No judgment can be taken against

the claimant for the property or against the garnishee. The court will see from the judgment here complained of that the attachment issue was either abandoned or stands undisposed of. If the attaching creditor abandoned his attachment then there should have been a judgment to that effect and there should also have been a judgment relieving the garnishee. The most reasonable conclusion that we can reach from the inspection of this record is that the attachment issue is still pending and undisposed of in Judge MASSINGALE's court. In either event the judgment herein before set out, and the only judgment entered in this cause, as shown by this record and especially by the affidavit of the justice himself was premature, having been taken before any disposition was made of the attachment, issue is therefore null and void and the suit is now pending in Justice MASSINGALE's court and no execution could have been legally issued on the proceedings had in said court.

I especially call the court's attention to the judgment itself. By this judgment plaintiffs in attachment were given judgment "for one hundred and sixteen dollars and costs and a judgment against Mrs. R. D. Brown in the same amount, for which let execution issue." This shows conclusively that no disposition was made of the attachment issue. They give judgment against the defendant in attachment for one hundred and sixteen dollars and also judgment against Mrs. R. D. Brown for the same amount and in the same judgment. This is undoubtedly wrong and undoubtedly makes this judgment void.

In no event could the attachment writ have been legally sustained because there is no legal ground for an attachment set out in the affidavit or in the writ. The grounds set out in the writ and the affidavit are that he "unjustly refuses to apply the property which he has and rights and actions to the payment of said amount," which I respectfully submit is no ground for attachment in this state. The word "conceals," which is the vital word, is

left out of both the writ and the affidavit and I respect-
fully submit that no legal or binding judgment could be
taken by default on such an affidavit; or writ.

*W. C. Longino,* for appellees.

The proceedings in the justice court in the attachment
suit was regular in every way, as shown by the certified
copy of the affidavit made, it is all that the law requires,
and as testified by the justice in his affidavit, the copy at-
tached to the bill of complaint is no part of the record in
his court, so it does not control anything in this matter.
A good bond was given and approved, a good writ was
issued, while if admitted that it states no ground for at-
tachment which I do not, the affidavit does and it would
control.   Although the writ stated no ground at all it
would be good if the record in general showed it. *Mc-
Clannahan* v. *Brock,* 46 Miss. 257; *Hinds* v. *Miller,* 52
Miss. 845. The record not showing that the Williams-
Brooke Company is a corporation does not affect the mat-
ter at all as the question as to character of the plaintiff
was not raised by plea verified by oath, section 1974, Code
1906, and the name imports a corporation, and need not
be specially averred. 1 So. 45.

If it be admitted that the record was not full enough
it is provided by statute that it shall not be quashed,
but may be amended, and therefore is not void but void-
able only. Sections 136 and 138, Code 1906.

The service of process was regular unless it be held
that the authority of the special officer should be en-
dorsed on the writ, though the statute does not require
this, and it will be held good without it. *Nelson* v. *Nye,*
43 Miss. 124. The writ was returned to the regular offi-
cer as the law directs, section 2733, Code 1906, and by
him returned into court, as shown by affidavits filed.
The person who made the service was fully authorized
by the justice of the peace, and the testimony of the con-
stable that the same party had been working for him or
in his stead only goes to show that the garnishee had

sufficient notice of the authority of this party to hold
her against a judgment by default, and if the authority
should have been endorsed on the writ and was not, the
party was in this case, if the justice appointed him, a
*de facto* officer, and his acts could not be impeached. The
complainant in her bill admits the actual receipt of the
service and actual knowledge of the suit, and that the
judgment had been rendered against her, but took no
steps to appeal or in any way claim her legal remedy,
and for the reason of the actual service, the judgment is
not void at the most voidable, and equity will not enjoin
or in fact, cannot. *Harrington* v. *Wofford,* 46 Miss. 31;
*Allen* v. *Dickens,* 63 Miss. 91; *Kelly* v. *Harrison,* 12 So.
261. A voidable judgment cannot be enjoined. 16 Am. &
Eng. Ency. of Law (2 Ed.), 389 and 393; *Robb* v. *Halsey,*
11 S. & M. 140; *Parisot* v. *Green,* 46 Miss. 747. Equity
will not assist one who has been negligent and let his
right of appeal and *certiorari* pass without taking ad-
vantage of it. *Newman* v. *Morris,* 52 Miss. 402; *Ross* v.
*Holloway,* 60 Miss. 553; *McKinney* v. *Willis,* 1 So. 3;
*Flanneken* v. *Wright,* 1 So. 157.

I am unable to find any authority, although diligent
search made, that there should be entered two separate
and distinct judgment in an attachment case, but in each
case the words "the judgment" is used, and I contend
that there is no attachment issue unless the matter is con-
tested by a plea in abatement, and in this case, of course,
if the attachment fail, the property is released or the gar-
nishee discharged.

In case the defendant make default a regular judgment
is rendered against him, which will be the same as a per-
sonal judgment if he has been served personally in this
state, if not the judgment can be enforced only against
the property attached or the garnishee. Sections 168 and
169, Code 1906. Besides the complainant in her bill does
not raise any issue as to the attachment issue, but states
that no personal judgment had been issued against the

defendant in the attachment, the court will readily see by reference to the copy of the judgment that it could be nothing but a personal judgment, or at least could not be a judgment on the attachment issue and not a personal judgment, as a judgment on the attachment issue, if contested, could not carry any money judgment against the defendant. We say then that the attachment issue is not involved in this bill, and the justice may have a judgment recorded in his docket on the attachment issue, as far as this record shows. In view of the fact that courts are very liberal in the construction of records of justices of the peace, I contend that the entry given in this record of the judgment, if no attachment judgment, apart from this is recorded, is sufficient to show that the plaintiffs were entitled to a judgment on each issue if necessary and that all had been done that could be to make them entitled to it, and that the court will construe the judgment of the justice, so as to give it effect. *Ladnier* v. *Ladnier,* 1 So. 492; *Sale* v. *French,* 61 Miss. 170; *Swain* v. *Gilden,* 61 Miss. 667.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from the decree dissolving an injunction.

On the 19th day of December, 1911, appellee, through its agent, filed with the justice of the peace an affidavit, alleging that Jim Brown was justly indebted to it in the sum of one hundred and sixteen dollars, "and that he has property and rights in action which he conceals and unjustly refuses to apply to the payment of said amount," suggesting that Mrs. R. D. Brown was indebted to the said Jim Brown, and praying for a writ of attachment against him and a writ of garnishment against R. D. Brown. This writ was issued and served upon both of the Browns, and on the return day thereof, they having made default, the following judgment was entered: "This cause coming on to be heard this the 13th day of January,

1912, being a regular court day, and it appearing that both the defendant, Jim F. Brown, and the garnishee, Mrs. R. D. Brown, having been legally summoned and both having made default in appearing to answer said suit, it is therefore ordered and adjudged that the plaintiff, Williams-Brooke Company, have a judgment against the said Jim F. Brown in the attachment suit for one hundred and sixteen dollars and costs, and a judgment against Mrs. R. D. Brown as garnishee in the same amount, for which let execution issue. Ordered this the 13th day of January, 1912. W. J. Massingale, J. P.'' A writ of execution was issued on this judgment, whereupon this bill was filed by appellant to enjoin the execution thereof.

This writ of attachment and garnishment was not served by the sheriff or a regular constable, but was served by a private citizen, who had been verbally authorized so to do by the justice of the peace; the regular constable being sick and unable to attend to his duties.

To this bill a demurrer was interposed, and while the demurrer was pending a motion to dissolve was made. This motion and demurrer were both overruled. Thereupon appellant filed its answer, and another motion to dissolve was then made; the allegations of the answer being supported by affidavits. This motion was sustained, and this appeal is from the decree so doing.

Appellant's objection to this decree is that the judgment rendered by the justice of the peace is void: (1) Because no disposition was made by him of the attachment issue. (2) Because he should have rendered three separate judgments, one on the attachment issue, one on the merits of the case, and one on the garnishment issue, and not have embodied all of these judgments in one. (3) Because the attachment writ erroneously recited the ground of the attachment, the recital therein being as follows: ''That he unjustly refuses to apply the property which he has and rights of action to the

payment of said amount''—whereas the recital in the affidavit was "that he has property ,and rights in action which he conceals and unjustly refuses to apply to the payment of said amount." (4) That there is no allegation in the affidavit or recital in the judgment that Williams-Brooke Company is either a corporation or a partnership, and, if a partnership, that the names of the members thereof are not stated. (5) Because the appointment of the special constable to serve the writ of attachment and garnishment was not made in writing.

There is no merit in any of these contentions. In so far as the appointment of the special constable is concerned, it will be sufficient to say that such an appointment is governed by section 2732 of the Code, which section does not require it to be in writing.

Williams-Brooke Company is admittedly a corporation in fact. The name is appropriate for that of a corporation, fairly imports corporate character, and after verdict rendered without objection thereto it will be presumed to designate a corporation. *Seymour* v. *Thomas Harrow Co.,* 81 Ala. 250, 1 So. 45.

*Affirmed.*