## POSTAL TELEGRAPH-CABLE CO *v.* THOMPSON.

[83 South. 612, In Banc. No. 20918.]

JUSTICE OF THE PEACE. *Service of summons by deputy of regular constable insufficient.*

Where in a suit before a justice of the peace, it appeared that the summons for the defendant was not executed by the constable, but by a person claiming to act as the constable's deputy and the record contained no evidence of the appointment of such person either as a deputy constable or as a special constable, the service was unauthorized; the presumption that such person was a special constable appointed by the justice under Code 1906, section 2732 (Hemingway's Code, section 2231), not being tenable, since the return of service, clearly showed that the person serving the summons did not claim to be acting as a special constable, but as a deputy of the regular constable.

APPEAL from the circuit court of Franklin county.
HON. R. E. JACKSON, Judge.

Action by C. E. Thompson against the Postal Telegraph-Cable Company. Judgment for plaintiff was rendered by a justice of the peace. The cause was removed by *certiorari* to the circuit court, which after overruling a motion to quash and without reversing the judgment of the justice, ordered the case to be tried on its merits but afterwards rendered final judgment for plaintiff and defendant appeals.

The facts are fully stated in the opinion of the court.

*J. N. Flowers* and *Ellis B. Cooper,* for appellant.

Counsel says, and his brief assumes, that the justice of the peace appointed someone to serve the summons in that court. But we have been unable to find in the record any appointment of any other person. We ask counsel to show us. That appointment should exist if it ever existed.

But the record indicates that it was served by a deputy constable and not by a a "reputable person appointed for the emergency." We do not question or criticize his authorities that every presumption is indulged in favor of a record of the justice of the peace court. That presumption is used more than any other known to the law.

But we say that there i's no such officer as a deputy constable. None is provided for by statute. The very section appellee cites, fortifies our contention that no such officer exists. What does it say? "In cases of emergency, and where a constable, or sheriff, or deputy sheriff cannot be had in time, the justice of the peace may appoint—"

The absence of "deputy constables" is certainly significant. That there is no such officer follows from a perusal of the chapter of the code on constables. Sections 829 to 836 inclusive. But turn to the chapter of sheriffs and we find section 4664 specifically authorizing deputies. So we have the service of process by an individual who held no authority. It requires no authority to say it is void. And again there can be no claim of a *de facto* officer. Before one can be *de facto* officer there must be an office. So we submit that the service of process was void. The judgment was by default and it is, therefore, void.

Writ of inquiry. We concede the authority of *Welch* v. *Hannie*, 72 So. 861, 112 Miss. 79, because it is the sensible rule. But the judgment in that case duly recited the following: "It was, therefore, on motion of plaintiff, judgment is rendered against defendant by default; and this being an action in tort for damages, the court thereupon issued a writ of inquiry to assess the damages, and the same having been executed, the court having heard the evidence adduced by the plaintiff is of the opinion that said damages should be, and

the same are hereby, assessed at the sum two hundred dollars. . . . .

In the instant case it reads: "And plointilff being in court and demanding judgment and it appearing that the defendant had been duly and legally served with summons not less than five days before this date, the said defendant being called came not, but wholly made default, and the court having considered this cause, it is therefore ordered and adjudged . . . ''

There is no recital showing compliance with the rule in *Welch* v. *Hannie, supra,* and as said in 23 Cyc., page 766: "And, if. the statute requires plaintiff to produce or file proof of his cause of action, before the judgment can be entered, it is necessary that the judgment shall show a compliance with the requirement. And if there was an inquiry of damages, the judgment should recite the manner in which the assessment was made." There is no recital except "and the court having considered the cause" counsel would have this court say that this recital is presumptive of everything So on this feature we submit that there was plain error.

Damages. Counsel concedes impliedly that his claim for damages outside of the penalty and expenses, amounting to forty-six dollars is unenforceable.

*Thompson & McWhorter,* for appellee.

The transcript of the record shows that the original process in this case was served by a deputy constable, and this it is contended by counsel for appellant, renders the judgment void, see page 7, appellant's brief. And counsel states in his brief that "we have been able to find the authority to appoint deputy sheriffs, but we are unable to find any authority for the appointment of a deputy constable." Counsel evidently stopped searching when he had read section "3942 (3443) Persons Appointed by Judge to Execute Process," and did not discover section 2732 of the Code of 1906, which reads as follows: "2732 (2403) Persons

Appointed to Execute Process, in cases of emergency, and where a constable or sheriff, or deputy sheriff cannot be had in time, the justice of the peace may appoint some reputable person to execute any process, the justice to be liable on his bond for all damages which may result to a party to the cause, or other person, from his appointment of an insolvent or incompetent person.''

From this the justice's authority to make such an appointment as he did in this case is plain and unmistakable. The sole question remaining, then, is what should the justice record show, if anything, as to the occasion of the appointment of the deputy. The presumption is that one presuming to act as a justice officer is properly authorized to do so, that an officer has properly performed his official duties and that his official acts are regular. 23 Cyc., page 264. All things are presumed to be regularly done until the contrary is proven. ''23 Cyc., 1266.''

Not only is a justice conceded to have great powers and authority, but also his proceedings are presumed to be regular until the contrary is clearly shown. There is nothing in this record to show the contrary, therefore, the presumption must prevail and the necesssity or the ''emergency'' of the appointment and the regularity thereof cannot now be questioned. On this point we cite: *Houston Alfred, et al.* v. *Batson,* 91 Miss. 749, 45 So. 465. In this case the objection was made, as set out in the opinion of the court, that there ''was no legal service upon the defendant in the justice of the peace court for the reason that the record shows affirmatively that the said justice of the peace appointed one Wheat, a private person to execute and return the writ, and there is no showing anywhere in the record that it was a case of emergency, and that the constable, or sheriff, or a deputy sheriff, could not be had in time, etc.'' This objection is identical with

the one made in the case at bar. But the court, among other things, said: "It has been held that the book styled 'Docket of the Justice of the peace, contains the record of the proceedings of the court, a copy of which he is directed to transmit to the circuit clerk, and a certified transcript of which is required to be recorded, and it is held in the same case that the docket record of the justice of the peace of the issuance and return of process is as much entitled to be accepted as true as would be a copy of the summons, and the return on it certified by him, and the special appointment presumed to be valid. In the proceeding now before us, it must be taken that the special constable was properly appointed." The court, in the case just cited, approved *Hughston* v. *Cornish,* 59 Miss. 372, in which Judge CAMPBELL said: "The acts of justices of the peace within their authorized sphere are entitled to full faith and credit. Their records made according to law, like other records, import verity."

SMITH, C. J., delivered the opinion of the court.

The appellee recovered a judgment by default against the appellant in a court of a justice of the psace and afterwards the cause was removed to the court below by a writ of *certiorari.* The court below overruled a motion to quash the writ of *certiorari,* and without reversing the judgment of the justice of the peace ordered the cause to be tried on its merits, but afterwards rendered final judgment, from which this appeal is taken, as follows:

"This cause coming on to be heard on motion of C. E. Thompson, to enter such judgment as the justice court should have rendered, and the court having duly considered the same, and it appearing to the court that the defendant was duly served with process in justice

court, and it further appearing to the court that the judgment that ought to have been rendered in the justice court is apparent on the face of the records, it is therefore ordered and adjudged by the court without a jury that the plaintiff, C. E. Thompson, do have and recover of and from the defendant, the Postal Telegraph Company, a corporation, the sum of twenty-five dollars statutory penalty, and the further sum of one hundred and seventy-five dollars, actual damages sustained by plaintiff, together with six per cent interest from January 15, 1918, together with all costs, for which let execution issue."

One of the alleged defects in the judgment of the justice of the peace is that it was rendered without legal srvice of process. The summons for the appellant issued by the justice of the peace was not executed by the constable, but by a person claiming to act as the constable's deputy; the return of service indorsed on the summons being signed: James Ewell, Constble, Boyce Thomas, Deputy Constable." The record contains no evidence of the appointment of Thomas either as a deputy constable or as a special constable.

The statute makes no provision for a deputy constable and the appellee does not claim that it does; his contention being that we must presume that Thomas was a special constable appointed by the justice of the peace to serve the summons under the provisions of section 2732, Code of 1906, section 2231, Hemingway's Code; but a sufficient answer thereto is that the return of service on the summons excludes such a presumption, for it clearly appears therefrom that Thomas did not claim to be acting as a special constable in serving the summons, but as a deputy of the regular constable.

The summons having been served by a person without authority to do so, the appellant was under no obligation to obey it; consequently the justice of the peace

should not have rendered judgment by default against it. The court below should shave set aside the judgment rendered by the justice of the peace and remanded the cause to him for further proceedings. *McDugle* v. *Filmer,* 79 Miss. 53, 29 So. 996, 89 Am. St. Rep. 582.

*Reversed and remanded.*

COOK, J., (dissenting).

I find myself unable to agree with the majority. The gist of the opinion may be found in the language of the Chief Justice speaking for the court. He says: "The statute makes no provision for a deputy constable." I think the court is clearly wrong in this statement of the law. The statute is in these words:

"Persons appointed to execute process.—In cases of emergency, and where a constable or sheriff or deputy sheriff cannot be had in time, the justice of the peace may appoint some reputable person to execute any process, the justice to be liable on his bond for all damage which may result to a party to the cause or other person from his appointment of an insolvent or incompetent person. Section 2732, Code of 1906, Section 2231, Hemingway's Code.

The majority of the court seem to believe that the Code section provides for a "special constable," but it fails to provide for the appointment of a deputy constable. Nothing in the statute warrants either conclusion. When we take into consinderation that all of the standard dictionaries treat "deputy" and "substitute" as synonymous, it will clearly appear that the statute confers upon the justice of the peace the power to appoint not a special constable, but it does in plain and, in my opinion, unmistakable terms, confer upon the justice of the peace the exclusive power to appoint a deputy or substitute constable, when the emergency exists. A mere reading of the statute will disclose that

the word "special" does not appear in the law. The word emergency does not appear in the statute, and if I was inclined to be a stickler for precise expressions, I would suggest that the person appointed under the statute should sign as "emergency constable;" but I believe that the person deputized or appointed is a deputy, and also a "deputy constable" appointed by the justice of the peace by the authority of the statute.

When the emergency arises under the statute the justice of the peace is expressly authorizd to appoint a reputable person to execute the process. In other words, the person so appointed is a substitute for or deputy of the elected constable.

Section 2731, Code of 1906, section 2230, Hemingway's Code, admonishes the justice of the peace, if there be a constable in the district qualified to act, the process shall not be directed to the sheriff.

In this case it is fair to assume that there was a constable elected in the district, and that there was a sheriff and deputy sheriffs of the county, but none of these officers could be found in time, and so it was he gave the preference to the constable and deputized the person who returned the writ to serve the writ for and in the place of the constable elect. That would carry out the spirit of the statutes of the state.

So, I think, that the return of the summons was entirely within the law and that the emergency appointee was the deputy of the constable made so by the only authority known to the law, and any other interpretation of the record is too refined and technical for the ordinary affairs of life.

The defendant in this case does not claim it was not served with process, but does claim the return shows that the person serving the process was not authorized by law to serve the same. The trial justice of the peace, of course, knew that he had deputized the very man who returned the writ. So it seems to me, that

the defendant had legal notice, chose to ignore the service, and resorted to a *certiorari*.

If we ignore as surplusage all of the return on the summons except the name of the appointee and the word "deputy," I submit that the return is beyond criticism. I have been unable to find but one decision of this court which is in any way applicable to the present case. In *Nelson* v. *Nye,* 43 Miss. 126, this court approved a return in principle much like the one in this case. The court in that case said that a substantial compliance with the statute was sufficient, saying that, in the absence of anything to the contrary, the special deputy sheriff was duly authorized to serve the writ. The word "deputize" is thus defined:

"Deputize: To appoint a deputy; to appoint or commission one to act as deputy to an officer. In a general sense the term is descriptive of empowering one person to act for another in any capacity or relation, but in law it is almost always restricted to the substitution of a person appointed to act for an officer of the law." Black's Law Dictionary (2 Ed.), p. 358.

Stevens J., concurs in the foregoing dissent.