STATE LINE MERCANTILE CO. *v.* GOODWIN.

[95 South. 436. In Banc. No. 22932.]

APPEAL AND ERROR. *Justices of the peace. Where special deputy makes return on process in attachment suit, justice cannot proceed with trial, unless defendant appears; error to grant peremptory instruction on merits of case on appeal from justice court, but, where erroneous, should be reversed and remanded.*

Where an attachment was sued out before a justice of the peace, and the justice of the peace appointed a private person as special deputy under section 2732, Code of 1906 (Hemingway's Code, section 2231), and such special deputy makes a return on the process, instead of turning the same over to the regular constable or the sheriff, as required by section 2733, Code of 1906 (Hemingway's Code, section 2232), the justice cannot proceed with the trial unless the defendant appears or enters an appearance. But if the justice enters judgment against the defendant and dismisses a claimant's issue and the claimant appeals, it will be error on appeal to grant a peremptory instruction on the merits of the trial between plaintiff and claimant, on the ground that the action of the special deputy was illegal, but in such case the judgment should be reversed, and the cause remanded to the justice, for further proceedings according to law, the justice having acquired jurisdiction by the filing of the affidavit and bond for attachment.

Appeal from circuit court of Wayne county.

HON. J. D. FATHEREE, Judge.

Action by Mrs. Annie Goodwin against the State Line Mercantile Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

*E. W. Breeland,* for appellant.

Counsel for appellee is in error in his contention that the lower court sustained his motion, on behalf of claimant there, to quash the attachment writ. The record does not so disclose. The record does, however, disclose, that the court sustained his motion for a peremptory instruction, and did give the jury such instruction and the case went out upon said peremptory instruction, and that too before the appellant here, plaintiff there, had completed his testimony. The authorities cited by counsel for appellee are not in point here as each and all of them deal entirely with the matter of attachment secured before a justice of the peace, but necessarily returnable to the circuit court and are governed and controlled by the provisions of section 134, Hemingway's code, section 142, Code of 1906. The reason for the court's holding in these cases is perfectly manifest. Of course, a constable has no authority to make returns on process returnable to the circuit court, and that is exactly what happened in each of the cases cited by my learned friend Mr. Heidelberg, to-wit: *Tucker* v. *Byers,* 46 Miss. 549; *Barnett* v. *Ring,* 55, Miss. 97; *Murphy* v. *Orgill,* 23 So. 305. These cases can have no bearing on the case at bar, where it is complained of "a special constable" appointed by a justice of the peace under section 2231, Hemingway's Code, to execute process made returnable to his own court. That there is always an underlying reason for the provisions of section 2232, Hemingway's Code is obvious, when the whole section is read and considered. The party "from whom the property was taken" must have notice so that he may interpose his defense or enter his appearance. Notice to all parties interested is necessary, and here the record plainly shows that all parties of interest were in the court, the defendant, claimant and all, and why now complain; and especially can the claimant carry the matter of the judgment of the lower court to the circuit court on appeal, and there for the first time complain that the justice of peace court was

without jurisdiction? I think not. Jurisdiction of persons is obtained in either of two ways: By service of proper process or by voluntary appearance in the court. The record here clearly discloses the appearance and presence of both the defendant and the claimant in the justice court at the term the judgment was rendered. All judgments are valid whenever there is proper service of process, appearance or waiver of service.

Here, we have both service of process and appearance of both defendant and claimant. Appearance in any manner, is a waiver of service. See *Standard Oil Co.* v. *State*, 107 Miss. 377. Appearance on constructive notice is a waiver of any further service. *Wainright* v. *Atkins*, 104 Miss. 438. Our court has ever held that all the pleadings in a justice of peace court should be treated with great liberality and that the substance and not the form of the cause is to be considered and sought to be reached. *Town* v. *Lipkin, and Son,* 114 Miss. 693.

Should no process have been served by anybody but the property in question here taken into the court and the same manner of appearance and litigation of the parties had as was had in the justice of peace court in this matter, then the judgment would be valid and binding and the parties estopped from complaining as the appellee does here.

*M. L. Heidelberg,* for appellee.

This cause originated in the court of H. L. Daily, a justice of the peace, by the appellant suing out a writ of attachment against Wm. Dunn. See page 4 of the record. This writ was placed in the hands of Howard Norman, special deputy, who executed the same, and made his return direct to the court. See page 5 of the record. On the day set for the trial the claimant—appellee here—filed her claimant's affidavit. At the trial of the plaintiff, the State Line Mercantile Company, appellant here, made a motion to dismiss claimant's affidavit for the reason it had

not copied the form laid down in the Code for such affidavits. The court sustained the motion. Judgment was then rendered by the court in favor of the plaintiff, The State Line Mercantile Co., both on the attachment issue and the debt issue. The claimant being out of court took an appeal to the circuit court, where the cause was tried anew. The plaintiff placed his case before the jury, and rested. (The record before me does not show this—pages 16 to 24 being missing and also pages 3 and 26. We presume the full record is with the court.) The claimant, Mrs. Annie Goodwin, then made a motion to dismiss the cause because the papers show on their face that the attachment writ sued out by the plaintiff, The State Line Mercantile Co., is void. The court sustained the motion and gave judgment for the claimant. From this judgment the plaintiff appealed to the supreme court.

The motion by the claimant, appellee here, is based on the return made by the special constable, Howard Norman, who was without authority to make the return at all. See section 2232 of Hemingway's Code, section 2733, Code of 1906. The circuit court had only such jurisdiction as the justice of the peace had, and he had none, because a special deputy has no authority to make return on the attachment writ, as was done in this case. The court being without jurisdiction, could enter no valid judgment on the attachment issue. See *Tucker* v. *Byars,* 46 Miss. 549; *Barnett* v. *Ring,* 55 Miss. 97; *Murphy* v. *Orgill,* 23 So. 305. The cases are annotated under section 134 of Hemingway's Code where a similar requirement is made as to constables and others who execute attachment writs for the circuit court.

It will also be noted that the justice of the peace without authority of law had the mule sold under writ of execution and that the plaintiff, the appellant here, bought the mule at such sale. If the record is not completed as outlined above we desire to have the same corrected.

ETHRIDGE, J., delivered the opinion of the court.

The appellant sued out an attachment proceeding against Will Dunn in favor of the appellant, and a mule was seized under the attachment. The affidavit and bond being filed, a writ of attachment was issued, and a special deputy appointed by the justice of the peace under section 2732, Code of 1906 (Hemingway's Code, section 2231), the appointment reading as follows:

"I hereby appoint Howard Norman special deputy to execute the within papers, this the 24th day of February, 1921.        [Signed] H. L. DAILY, J. P."

The special constable or deputy made upon the writ the following return:

"I have this day executed the within writ, by levying same upon one brown colored horse mule, valued at two hundred dollars, as the property of Will Dunn, and now have said property in my custody. I gave defendant a true copy of this writ, personally, this the 26th day of February, 1921.

"[Signed] HOWARD NORMAN,
Special Constable."

The appellee filed a claimant's affidavit in the justice court, claiming a lien upon the mule seized for one hundred ten dollars and eight per cent. interest from November 18, 1920, and ten per cent. attorneys' fees called for in said note executed by Dunn to the claimant, and attached to claimant's affidavit a copy of her deed of trust, which did not show that it had been recorded in the records of the county prior to the seizure under the attachment writ. When the cause came on for trial before the justice of the peace the following judgment was entered in the case between the appellant and William Dunn:

"This cause coming on this day to be heard and on the attachment issues and there being no defense offered by defendant and the court having heard same is of the opinion that the attachment issue is rightfully sued out, and it is by the court adjudged and ordered that said attachment is rightfully sued out and the court having heard said

cause on its merits and doth find that the complainant is entitled to judgment against defendant, for the full amount sued for, to-wit, one hundred forty-five dollars and thirty-nine cents, and it is ordered by the court that plaintiff do recover from William Dunn, defendant, the sum of one hundred forty-five dollars and thirty-nine cents and six per cent. interest.

"Ordered this 9th day of March, 1921.

"[Signed] H. L. DAILY, J. P."

The claimant's issue was dismissed by the justice of the peace in the following order:

"Judgment rendered on the 9th day of March, 1921, as follows: This cause coming on this day to be heard on the motion of State Line Mercantile Company to dismiss the affidavit of claimant, Annie Goodwin, and the court having heard the motion and considered the same, it is ordered by the court that the said claimant's affidavit be, and the same is hereby, dismissed from the court.

"Ordered this 9th day of March, 1921.

"[Signed] H. L. DAILY, J. P."

Claimant appealed to the circuit court, and on trial in that court plaintiff introduced proceedings in the justice court, and then introduced one witness, J. L. Baxter, the manager of the appellant and one of its stockholders, who testified that the defendant, Dunn, was a nonresident of the state of Mississippi and that he knew of no property of the defendant in the state other than the mule levied upon, and that the levy was made in Wayne county, Miss., and that he knew Mr. Norman who made the levy, and that the property at the time of the levy was in the possession of Will Dunn, and that he had never seen Mrs. Godwin in possession of the mule, and had no knowledge at the time the levy was made that Mrs. Goodwin had any claim to the mule, and that, when Mrs. Goodwin showed a deed of trust to the witness on the day the levy was made, the deed of trust had not been recorded at that time and the defendant said nothing at the time of the levy about Mrs. Goodwin having a deed of trust upon the mule. At this point in the development of the case the claimant made the follow-

ing motion: "Now comes the claimant, Mrs. Annie Good-win and moves the court to exclude the evidence from the jury, and instruct the jury to find for the claimant," which motion was sustained and exception taken. Judgment upon the merits was thereupon entered in favor of the claimant, from which judgment this appeal is prosecuted. The claimant proceeded upon the idea that the special constable had no power to make the return upon the writ of attachment and that the return was not sufficient to sustain the judgment in favor of the plaintiff.

Section 2732, Code of 1906 (Hemingway's Code, section 2231), authorizing an appointment of a person to execute process, is in the following words:

"In cases of emergency, and where a constable or sheriff or deputy sheriff cannot be had in time, the justice of the peace may appoint some reputable person to execute any process, the justice to be liable on his bond for all damage which may result to a party to the cause or other person from his appointment of an insolvent or incompetent person."

It was held, in *Alfred* v. *Batson,* 91 Miss. 749, 45 So. 465, that it will be presumed in favor of one claiming under execution sale on a judgment of a justice, the transcript of the justice enrolled in the circuit clerk's office and recorded in the chancery clerk's office showing that the justice appointed a private person to execute and return the writ, that the circumstances authorizing such an appointment existed, and therefore the service of the writ was illegal. And in *Brown* v. *Williams-Brooke Co.,* 106 Miss. 187, 63 So. 351, it was held that, where a private citizen is appointed a special constable to serve a writ of attachment or garnishment, in case of emergency, the appointment is not invalid because not in writing.

Under section 2733, Code of 1906 (Hemingway's Code, section 2232), it is provided:

"Property seized in execution of any process by one appointed by a justice of the peace to execute it, shall be immediately delivered, with the process, to the sheriff of

the county, or the constable of the district in which the seizure was made; and the person from whom the property was taken shall be at once informed who has it; and such property shall be considered and dealt with as if it had been seized by the officer to whom it was delivered at the time of its delivery to him."

Under this section it was held, in *Spears* v. *Robinson,* 71 Miss. 774, 15 So. 111, that, although one specially deputized to execute process is required to deliver the same, together with the property seized, to the sheriff or constable, a claimant, who gives bond and obtains from such person property levied upon by him, is estopped to take advantage of the irregularity.

This case proceeds upon the idea that the bond taken secured to the litigant all the rights he would have had had the bond been taken regularly by the proper officer, citing *State* v. *Depeder,* 65 Miss. 26, 3 So. 80, which case the court upheld, the proceeding under a statute of the state, providing that when a party gave the bond required in any legal proceeding and secured the benefit of the bond, that it would have all the effect of a valid bond, even though improperly conditioned. The case of *Spears* v. *Robinson,* 71 Miss. 774, 15 So. 111, expressly recognizes that the process and property should have been turned over to the regular officer, and that such officer should have taken the bond and made the return upon the process.

In *Postal Telegraph Co.* v. *Thompson,* 121 Miss. 379, 83 So. 612, this court held that a return on a writ by a person signing as deputy constable was void, the court saying:

"The summons having been served by a person without authority to do so, the appellant was under no obligation to obey it; consequently the justice of the peace should not have rendered judgment by default against it. The court below should have set aside the judgment rendered by the justice of the peace and remanded the cause to him for further proceedings."—citing *McDugle* v. *Filmer,* 79 Miss. 53, 55, 29 So. 996, 89 Am. St. Rep. 582, in which case the court said: "Process may be served only by the person

designated in the Code relating to this subject, and unquestionably nowhere is a justice of the peace authorized to execute process issued by himself. Such service is a nullity, and confers no jurisdiction, and is of no more force than if not made at all. It was a nullity, and was rightly disregarded by McDugle."

Section 2734, Code of 1906 (Hemingway's Code, section 2233), requires the process delivered by a special deputy to the sheriff or constable to be returned by such officer to the justice who issued it, according to its command.

The judgment of the justice court, above set out, fails to show upon its face that the defendant, Will Dunn, appeared in open court, or that issue was joined by Dunn in the trial on the merits had Dunn appeared, nor was default taken. It also fails to show a legal return of the proper officer in the manner required by law. However, this would not warrant the court in giving a peremptory instruction upon the merits in favor of the claimant on the testimony in this record. The original proceedings gave the justice of the peace jurisdiction of the controversy, and the proceedings were legal, at least up to the seizure by the special constable of the mule. If the justice was not authorized to proceed to trial on the return, the cause was certainly a pending cause and could not be the basis of a peremptory instruction on the merits for the defendant. At most it would only authorize the court to set aside the judgment of dismissal of the claimant's issue, and remand the cause to the justice of the peace court for further proceedings in accordance with law. If the defendant, Will Dunn, actually appeared in the justice court and entered an appearance in the suit, or joined issue in the trial the circuit court should proceed to try the merits of the controversy independent of the irregularities above mentioned. But unless Dunn appeared or unless the proper return was made, a justice court could not dispose of the issues and should proceed anew.

The judgment will be reversed, and the cause remanded, for further proceedings in accordance with this opinion.

*Reversed and remanded.*