GILBERT *et al. v.* GLENNY.

(Division A.    April 14, 1924.)

[99 So. 507.    No. 23994.]

1. JUSTICES OF THE PEACE. *Justice may in emergency appoint person not an officer to execute any authorided process; presumption of emergency justifying appointment by justice of peace of person neither constable nor sheriff to execute process in emergency not inquired into.*

   Under section 2732, Code of 1906 (Hemingway's Code, section 2231), a justice of the peace is authorized in cases of emergency to appoint a person who is neither a constable nor sheriff "to execute any process' which the justice of the peace is authorized to issue, and not such only as is returnable to his court, and the existence of an emergency justifying such an appointment will be presumed, and will not be inquired into by the court.

2. REPLEVIN. *Parties to replevin bond cannot complain of irregularity in taking it by justice's appointee to seize property neither constable nor sheriff.*

   The taking of a replevin bond by a person who is neither a constable nor a sheriff for property seized by him under the appointment of a justice of the peace to execute the writ under which the seizure was made is irregular, but neither the principal therein nor his sureties can complain of such irregularity.

3  JUSTICES OF THE PEACE. *Writ served by person neither constable nor sheriff under appointment by justice of peace void in absence of defendant's general appearance; motion to quash return of writ served by one neither constable nor sheriff under justice of peace appointment should be sustained.*

   Under sections 2733 and 2734, Code of 1906 (sections 2232, 2233, Hemingway's Code), the return on a writ of replevin made by a person appointed by a justice of the peace to serve the writ, and who is neither a constable nor sheriff, is void, and confers no jurisdiction on a court to proceed with the trial of the case in the absence of a general appearance by the defendant therein. If the defendant appears and moves to quash the return, the motion should be sustained, but under section 3946, Code of 1906 (section 2953, Hemingway's Code), he will be deemed to have entered his appearance for the succeeding term of the court.

APPEAL from circuit court of Sunflower county.

HON. S. F. DAVIS, Judge.

Action by E. B. Glenny, trustee, against J. M. Gilbert and others. From the judgment rendered defendants appeal. Reversed and remanded.

*B. B. Allen,* for appellants.

The circuit court had no jurisdiction. We shall not question the right of a justice of the peace to issue papers in certain cases returnable to the circuit court nor his right in proper cases and on proper showing to appoint a special constable where an emergency exists. This authority is expressly conferred by section 134, Hemingway's Code, and also in some other cases by sections 2231 and 2232 of Hemingway's Code, and these same sections further provide how and in what manner the return must be made.

So we see that before the justice of the peace may appoint a special deputy constable to execute a writ out of his court, two conditions must exist: First, there must be an emergency; and, Second, it must be a case where a constable or sheriff or deputy sheriff cannot be had in time; a real emergency where property is about to get out of the jurisdiction of this court. And where the record does not affirmatively disclose that these conditions actually existed, the special appointment must fail, and with it all actions subsequent thereto.

There were present none of the conditions which would authorize the justice of the peace to appoint a special constable to act in this case. The mere convenience of the parties causing the issuance of said writ will not suffice. There is yet another reason why the court below did not have jurisdiction of this suit. The officer must strictly comply with the law in regard to making his returns. That is to say, under section 2231, the property and process "shall be immediately" delivered

to the sheriff of the county or constable of the district, etc.

The circuit court has no jurisdiction of an attachment returned by a constable unless the sheriff be a party. See *Tucker* v. *Byas*, 46 Miss. 549; *Barnett* v. *Ring*, 55 Miss. 97; *Murphy* v. *Orgill*, 23 So. 305; *State Line Mercantile Company* v. *Goodwin*, 95 So. 436. Again in the case of *Telegraph Company* v. *Thompson,* 83 So. 612, where a specially appointed constable served the summons without having complied with the statute, this court said: "The summons having been served by a person without authority to do so, the appellant was under no obligation to obey it."

We must earnestly insist that the circuit court was without jurisdiction to try the case because it was not shown that an emergency existed, or that a regular constable or sheriff or deputy sheriff could not be had "in time" to have served the writ of replevin; but on the contrary it appeared that the property in question was in no danger of getting out of the jurisdiction of the court, and that there was a duly acting constable and sheriff ready to act. And these conditions not being present the special appointment of a constable was unauthorized, and the writ must fail.

It was further shown that the court was without jurisdiction, because of the failure of the special constable to "immediately" turn the property and process over to the sheriff to make the return and take the bond for the property.

*Ward Allen,* for appellee.

As for the contention of appellant that the court below did not have jurisdiction of the cause on account of the irregular service of the writ of replevin, we think the law is so well settled in this state in favor of appellee that we shall give the contention only passing notice. In the case of *Alfred et al.,* v. *Batson,* 91 Miss. 749, 45

So. 465, it was held that the special appointment of an officer is presumed to be valid. No evidence was introduced by the defendant in the case at bar to show that the emergency did not exist and under the law, therefore, this emergency must be presumed to have existed.

This whole question, however, is forever settled by the case of *Spears* v. *Robinson,* 71 Miss. 774, 15 So. 111. In that case a special deputy constable was appointed by the justice of the peace and while his handling of the attached property was irregular and the bond which he took was irregular, the court held that this irregular bond had the same effect in the proceedings that a bond properly made would have had, and must be considered binding upon the parties executing it. In the language of the court: "It would be scandalous reproach upon the administration of justice if appellant could execute an irregular bond under which he had the property delivered to him, and, after obtaining possession of it, by virtue of said bond, convert it to his own use, and then be heard to assert successfully that he was not to be held liable on his bond because of some irregularity in it."

Argued orally by *B. B. Allen,* for appellant and *Ward Allen,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an appeal by the defendant in the court below from a judgment in an action of replevin. The affidavit was made before and the writ was issued by a justice of the peace, though the value of the property replevied, an automobile, made a case of which the court below has original jurisdiction. The writ was not executed by either a constable or the sheriff but by J. A. Riddell, who was specially authorized to execute it by the justice of the peace by whom it was issued. Riddell

seized the automobile, and instead of delivering it together with the writ to the constable or sheriff, as required by section 2733, Code of 1906 (Hemingway's Code, section 2232), accepted a bond from the appellant for the property, delivered it to him, and returned the writ to the magistrate with his action thereunder noted thereon.

The affidavit, together with the writ, was thereafter filed with the clerk of the court below, and when the case came on for trial the defendant, the appellant here, filed a motion "to quash the writ of replevin, release the bond, return the property herein, and quash the return," which motion was overruled, and a continuance of the case on the ground of the absence of a material witness was then requested by the appellant, but refused.

Under section 2732, Code of 1906 (Hemingway's Code, section 2231), a justice of the peace is authorized in cases of emergency to appoint a person who is neither a constable nor sheriff "to execute any process" which the justice of the peace is authorized to issue, and not such only as is returnable to his court. And, while it does not here appear what the emergency was which prompted the justice of the peace to appoint Riddell to execute the writ, the existence of such an emergency will be presumed, and will not be inquired into.

The taking of the bond by Riddell was irregular, but neither the appellant nor his sureties can complain thereof. *Spears* v. *Robinson,* 71 Miss. 774, 15 So. 111; *State Line Mercantile Co.* v. *Goodwin,* 131 Miss. 274, 95 So. 436.

The return of and on the writ having been made by Riddell and not by the sheriff or constable, as required by sections 2733 and 2734, Code of 1906 (sections 2232, 2233, Hemingway's Code), is void, and the court was without power to proceed to a judgment thereon, unless and until a general appearance in the case was entered by the defendant. *Tucker* v. *Byars,* 46 Miss. 549; *Barnett* v. *Ring,* 55 Miss. 97; *Murphy* v. *Orgill* (Miss.), 23 So.

305; *State Line Mercantile Co.* v. *Goodwin,* 131 Miss. 274, 95 So. 436.

The return on the writ being void, the appellant's motion to quash it should have been sustained. Under section 3946, Code of 1906 (section 2953, Hemingway's Code), wh'ch provides that:

"Wher⟨ ⟩ummons or citation, or the service thereof, is qua⟨ ⟩ motion of the defendant, the case may be contin. ⟨ ⟩r the term, but defendant shall be deemed to have entered his appearance to the succeeding term of the court,"—the only advantage which the appellant could have gained therefrom was a continuance of the case to the succeeding term of the court, to which continuance he would have been entitled as a matter of right.

The judgment of the court below will be reversed, and the cause remanded.

*Reversed and remanded.*