HOWELL *v.* KERSH.*

(Division B. Dec. 3, 1928.)

[119 So. 186. No. 27501.]

*Corpus Juris-Cyc References: Garnishment, 28CJ, section 168, p. 128, n. 55; Justices of the Peace, 35CJ, section 154, p. 575, n. 16; section 308, p. 679, n 58; section 314, p. 683, n. 14; section 357, p. 702, n. 73.

*Haralson & Hall,* for appellant.

*J. T. Garraway,* for appellee.

ETHRIDGE, P. J.   B. S. Howell filed a bill in the chancery court for an injunction against J. L. Rogers, sheriff of Lamar county, W. Wells, justice of the peace of beat 4 of said county, and T. L. Williamson, superintendent of education of Lamar county, setting up therein that on the 20th day of March, 1928, the First National Bank of Hattiesburg, Miss., a corporation, undertook to sue petitioner (B. S. Howell), L. M. Howell, and H. H. Kersh, on a promissory note due said bank; that this suit was filed in beat 4 of Lamar county, before W. Wells, a justice of the peace of that county; that the petitioner had sold to Kersh a gasoline engine for which he had received no money; that it was understood by all parties concerned in the suit that the said Kersh and L. M. Howell were to pay the note due the bank; that, before the note sued on was made to the bank, petitioner paid the bank a certain note due by H. H. Kersh, in consideration of which the bank was to look to L. M. Howell and H. H. Kersh for payment of the note for one hundred and fifty dollars sued on; that the petitioner does not owe the said bank, nor the said Kersh, nor the said L. M. Howell any moneys, but, on the contrary, the said Kersh owes the petitioner for said gasoline engine; that the petitioner has a good and valid defense to said suit against him in said justice court, and had he been properly and legally summoned into court would have presented this defense; that the justice of the peace issued his summons, and thereupon attempted to have one J. R. Boon appointed constable for the purpose of serving said summons on petitioner (B. S. Howell); that the said summons so served on B. S. Howell was dated March 20, 1928, and commanded the said B. S. Howell to appear before the said justice court on the 7th day of March, 1928, a date prior to the date of

said summons, and therefore an impossible date on which to appear before said court, and in consequence of which the said B. S. Howell, petitioner, did not, and has not, appeared before said court, and knew nothing of any proceedings against him until an attempt was made to seize his property; that his property had been seized under execution issued upon a judgment entered against him on the 7th day of April, 1928; that said judgment was absolutely void; and that all proceedings based thereon were also void and of no force and effect.

The bill further alleged that, after the rendition of said judgment, the First National Bank attempted to, and did, assign said void and invalid judgment to said H. H. Kersh, who, after said assignment to him, had an execution issued on one Ford one-ton truck in the possession and control of petitioner, B. S. Howell; that H. H. Kersh, to further vex and annoy said petitioner, had a garnishment issued on the 11th day of April, 1928, to T. L. Williamson, superintendent of education of Lamar county, and served on him on the 12th day of April, 1928; that on the 21st day of April, 1928, the said superintendent of education answered same, stating that he had in his possession a pay certificate for ninety dollars, the property of said B. S. Howell, being pay for the seventh month as transferman of children in Arnold Line school district. Said petitioner, B. S. Howell, further alleged that said garnishment was void and of no effect, that petitioner is an employee of the county of Lamar, engaged in transporting children to and from school, and that pay certificate is not subject to garnishment, and that the said Williamson, superintendent of education, had no right to withhold said certificate from the possession of petitioner. It is further alleged that the petitioner is without remedy save in a court of equity, and that unless the said sheriff and superintendent of education are restrained from action under said judgment, and unless the said justice of the peace is restrained from further action

under the said judgment, and unless Kersh, and all their agents, attorneys, and representatives, are restrained and enjoined from further proceedings upon said void judgments, petitioner will suffer irreparable loss. It is further alleged that the withholding of the said pay certificate and the levying upon the said truck has injured and impaired petitioner's credit and his financial standing, in that he has no funds with which to pay said accounts; and, further, that he had to employ counsel for the purpose of bringing this petition to enjoin said defendants and release said property, and that he had been damaged by said defendants, and each of them, in the sum of one hundred dollars; that the acts and proceedings of said defendants have been done after they knew and were aware of said judgment being void; that such acts were one through malice and willfulness; and that petitioner, B. S. Howell, is entitled to, and should be allowed, punitive as well as actual damages in the sum of one hundred dollars against each and every one of said defendants, jointly and severally; and petitioner prayed for the issuance of an injunction restraining each of said persons from further action on and in reference to said judgment. As an exhibit to the bill is a copy of the summons delivered to the petitioner, B. S. Howell, which reads as follows:

"You are hereby commanded to summon B. S. Howell to appear before me the undersigned justice of the peace of said county at my home . . . on the 7th day of March, 1928, at 1:30 o'clock P or A M, to answer the suit of First Bank to which he you defendant; and have there then this writ. Given under my hand (there being no seal of said court) and issued this the 20th day of March, A. D. 1928.

"W. WELLS,
"Justice of the Peace, 4th District.
"J. R. Boon ap. Const in this case."

A writ of injunction was issued and bond given as required by law, duly approved by the chancery clerk.

The defendant, Kersh, demurred to the bill so filed, and filed motion to dissolve the injunction. A special chancellor heard the cause, by agreement of parties, and sustained. It is alleged, as shown in the statement of stance of the bill, and that the petitioner had an adequate legal remedy, and directed the injunction bond to be certified to the court under the statute. From this judgment this appeal is prosecuted.

We are of opinion that the demurrer was improperly sustained. It is alleged, as shown in the statement of facts, that it was agreed between the bank and Kersh and L. M. Howell that, in consideration of Kersh's indebtedness to petitioner (B. S. Howell), Kersh and L. M. Howell would pay the note here sued on. Whether that defense could have been made against the bank, had it continued to own the note, is not here necessary to consider; but when the bank assigned the judgment, or the claim upon which the judgment was founded, to Kersh, certainly appellant had the right in equity to enforce this agreement against Kersh. We think, furthermore, that it was improper for the justice of the peace to render judgment upon the void summons served upon defendant. The term of the justice of the peace under section 2382, Hemingway's 1927 Code (section 2728, Code of 1906), wherein it is stated: "Justices of the peace shall hold regular terms of their courts, at such times as they may appoint, not exceeding two and not less than one in every month, and at such convenient place in their district as they may designate," etc.—the summons, being returnable to a past day, which was an impossible date, and the law not fixing the time or place of the next term, that being left to the discretion and convenience of the justice of the peace, was void. Under section 2383, Hemingway's 1927 Code (section 2729, Code of 1906), it is provided that, "The justices of the peace may sit and act together in holding their courts, but any one may hold his court by himself, at any point in his district which he may desig-

nate." By section 2384, Hemingway's 1927 Code (section 2730, Code of 1906), it is provided that, "Any one desiring to sue before a justice of the peace shall lodge with him the evidence of debt, statement of account, or other written statement of the cause of action; and thereupon the justice of the peace shall issue a summons for the defendant, returnable to the next term of his court, which shall be executed five days before the return-day. . . ." By section 2386, Hemingway's 1927 Code (section 2732, Code of 1906), it is provided that, "In cases of emergency, and where a constable or sheriff or deputy cannot be had in time, the justice of the peace may appoint some reputable person to execute any process." And by the next section it is provided that, "Process shall be delivered to the sheriff or constable of the district, who shall make return," etc. In *Gilbert* v. *Glenny*, 135 Miss. 602, 99 So. 507, we held that under these sections the return on a writ of replevin made by the person appointed by a justice of the peace to serve the writ, and who was neither a constable nor sheriff, is void, and confers no jurisdiction on a court to proceed with the trial of the case in the absence of a general appearance by the defendant therein. In *Morris* v. *Shryock*, 50 Miss. 590, it was held that a justice of the peace could not grant a new trial. This being true, we do not believe that the justice of the peace had authority to set aside the judgment after the expiration of the term at which it was entered. At common law, the circuit court, or common-law court of general jurisdiction, had authority to issue a *supersedeas* against an execution, and such court had authority to set aside a judgment if it was void, or to quash an execution if it was illegally issued in any respect. But we find no provision for any such procedure by the justice of the peace in this state. We do not find where a justice of the peace is authorized to issue a writ of *supersedeas,* and suspend proceedings thereon in the court.

By section 748, Hemingway's 1927 Code (section 992, Code of 1906), "the judges of the supreme and circuit courts and chancellors, in term-time and vacation, may severally order the issuance of" writs named in said section, which includes a writ of *supersedeas,* but such a justice of the peace proceeding cannot be tried by the circuit judge. The only authority we find for a justice of the peace to issue a stay of execution is provided in section 2401, Hemingway's 1927 Code (section 2747, Code of 1906), and that is issued only upon condition that, if bond be given to satisfy the judgment, "the justice shall grant a stay of execution for thirty days from the date of the judgment on all sums not exceeding fifty dollars, and for sixty days on all sums over fifty dollars." But it is provided in the next section that, "A party obtaining a stay of execution shall thereby waive all errors in the judgment and abandon the right of appeal and *certiorari.*" Certainly these sections do not afford a remedy against the judgment entered by the justice of the peace. We think, under the facts set out in the bill for injunction, if they are true in all respects, that said judgment should be canceled and the property released from execution of garnishment thereon. In addition to this, the complainant had a contract with Lamar county for the transportation of pupils to one of its consolidated schools, which was, in effect, a contract with a subdivision of the state acting in its sovereign capacity, and the county is not garnishable in cases where it is acting in its governmental capacity. See *Clarksdale Compress Co.* v. *Caldwell,* 80 Miss. 343, 31 So. 790. The bill shows that, unless the money derived from this contract is available to the complainant, he will be unable to perform his part of the contract, which would result, not only in injury to himself, but to the public as well. We therefore think the writ of garnishment served upon the superintendent of education is, in effect, a garnishment against the county, and unauthorized by law, and that the com-

plainant was entitled to maintain the injunction for this reason.

For the reasons indicated, the judgment of the court below will be reversed, and the cause remanded for further proceedings in the chancery court.

*Reversed and remanded.*