Swift & Co. *v.* Fox *et al.*

(Division A. April 18, 1932.)

[141 So. 277. No. 29696.]

McClellan & Tubb, of West Point, for appellant.

Paine & Paine, of Aberdeen, for appellees.

Argued orally by **Thos. F. Paine**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a decree dismissing an original bill. The record contains only the original bill, the exhibits thereto, the citation for the defendants, and the decree of the court. The case was evidently considered by the court without objection from the parties as if it were presented by bill and demurrer thereto.

The bill was filed by the appellant and alleges, in substance, that Reed Brothers, a corporation, obtained a judgment in the court of the justice of the peace against Roden, and had the same enrolled in the office of the clerk of the circuit court of Clay county. On the 23d day of March, 1931, a writ of garnishment was issued thereon by the circuit clerk directed to the sheriff, commanding him "to summon the said Swift Packing Company to be and appear before the H. E. Bird, justice court of Monroe county at his office in 2nd district of Monroe county, Mississippi on the ——— day after ——— of April, 1931, then and there to answer as garnishee whether they are indebted to the said defendant," etc.

The appellant did not obey the command of the writ, and on the 18th day of April, 1931, a judgment by default was rendered against it in favor of Reed Brothers, Inc., for the amount of judgment against Roden.

The defendants to the bill, the appellees here, are Reed Brothers, Inc., the clerk of the circuit court, and the

justice of the peace, and the prayer thereof is that these defendants be enjoined from issuing execution against the complainant on the judgment against it.

The ground on which the appellant bases its claim for an injunction is that the judgment against it is void, for the reason that the writ of garnishment on which it was rendered is void.

The decree of the court below dismissing the bill was affirmed by this court on a former day on the authority of Kelly v. Harrison, 69 Miss. 856, 12 So. 261, and Howard Lumber Co. v. Hopson, 136 Miss. 237, 101 So. 363. The attention of the court was not then called to the case of Howell v. Kersh, 152 Miss. 266, 119 So. 186. Thereafter a suggestion of error was filed by counsel for the appellant without referring therein to Howell v. Kersh, but the court while considering the suggestion of error brought that case to light, called counsel's attention thereto, and permitted a reargument in the light thereof.

In Kelly v. Harrison and Howard Lumber Co. v. Hopson, judgments rendered by default by circuit courts on summons returnable to a past date were held valid, except on direct appeal therefrom. In Howell v. Kersh, a judgment by default rendered by a justice of the peace on a summons returnable to a past date was held void, for the reason that the summons on which it was based, was void. The opinion in Howell v. Kersh did not refer to Kelly v. Harrison and Howard Lumber Co. v. Hopson; but the distinction between the former case and the latter cases is that in Kelly v. Harrison and Howard Lumber Co. v. Hopson the summons was to answer a suit filed in the circuit court, the date for the convening of which and the place where to be held being both fixed by law, while in Howell v. Kersh, the summons was to answer a suit in the court of a justice of the peace, both the time at which and the place where the court is to be held being fixed not by law, but by the justice of the peace himself. Section 2076, Code 1930. Parties litigant are

charged with notice of the time and place of holding circuit courts, but not with notice of the time and place of holding the courts of a justice of the peace.

Howell v. Kersh controls here; consequently, the judgment hereinbefore rendered by us must be set aside, the judgment of the court below reversed, and the cause remanded.

Reversed and remanded.