DUNN *v.* SIMS.

Oct. 5, 1953

No. 38835 37 Adv. S. 16 67 So. 2d 261

*Morgan, Thornton & Morgan, Kosciusko,* for appellant.

*Crawley & Ford,* Kosciusko, for appellee.

230

McGᴇʜᴇᴇ, C. J.

The plaintiff, James H. Sims, recovered a judgment for $5,000 damages against the defendant, Harley L. Dunn, for a personal injury sustained when he was hurt by the defendant while undertaking to execute a capias pro fine against him.

The appellant Dunn assigns as error on this appeal (1) that the trial court erred in overruling his motion to quash the personal service of process on him; (2) in striking a part of the answer of the defendant from the record; and (3) that the verdict of the jury is against the overwhelming weight of the evidence.

The suit was returnable on the first Monday of September 1952 and the summons for the defendant commanded that he "be and appear before the judge of our circuit court, to be holden in and for the County of Attala, at the courthouse thereof on the first Monday of September 1952, then and there to answer the complaint of James H. Sims lately filed in said court."

The objection to the validity of this summons is that the defendant was commanded to appear "before the judge of our circuit court," where it should have commanded that he appear before the circuit court. But we are of the opinion that the further recital "to be holden in and for the County of Attala" had reference to the circuit court and not to the judge, and that therefore the defendant was not misled by the surplus words "judge of our" contained in the summons. It was held in the case of Swift & Company v. Fox, 163 Miss. 783, 141 So. 277, that "parties litigant are charged with notice of the time and place of holding circuit courts, but not with notice of the time and place of holding courts of a justice of the peace."

The first Monday in September 1952 was the regular time for the holding of the circuit court, and the defendant was evidently apprised of the fact that he was to appear before the circuit court at that time, since he did do so. Of course his appearance in the absence of valid personal service of process, and for the purpose only of moving to quash the process, would not have made the case triable until the next succeeding term of court, but in this instance we are of the opinion that the process was valid and was personally served on him for more than thirty days prior to the term of court at which the case was tried.

As to the second assignment of error, the same related to the fact that the defendant had been convicted of a traffic law violation in the court of the Mayor of the City of Kosciusko, who was acting as ex-officio justice of the peace, and judgment of conviction was not entered upon the minutes of said court. The defendant appealed to the circuit court from the said conviction, where his appeal was dismissed with a writ of procedendo. There was no motion to set aside the judgment of the circuit court, and there was no appeal to this Court from that judgment of the circuit court. But be that as it may, the jury was instructed on the trial of the present suit for damages that the plaintiff, as Marshal of the City of Kosciusko, was acting under a void capias pro fine when attempting to arrest the defendant on the occasion complained of in this suit. In fact, it is conceded by the appellee, whether correctly so or not, that the marshal was without lawful authority to arrest the defendant under the said capias pro fine. Therefore, the defendant could not have been prejudiced by the action of the circuit court in the present suit by the striking of the part of the answer of the defendant setting forth the details as to why the attempted arrest was unlawful.

As to the third assignment of error, we are of the opinion that the jury was warranted in finding from a

preponderance of the evidence that while the defendant was undertaking to leave the scene of the attempted arrest in his automobile, he either negligently or willfully injured the plaintiff by starting the automobile after he had discovered that the plaintiff was in a position of peril in that his arm was fastened between the top of the glass of the door next to the steering wheel and the top of the frame of the said door; that the defendant had run up the glass so as to fasten the plaintiff's arm at a time when the plaintiff was undertaking to turn off the ignition of the defendant's car and prevent him from leaving the scene in the same. The plaintiff was carried backward alongside of the car after it was placed in motion and his arm was thereby severely injured.

 The jury was warranted in believing from a preponderance of the evidence that the defendant either negligently failed to exercise reasonable and ordinary care to prevent injury to the plaintiff after he knew, or should have known, that he was in a position of peril, or that he willfully and wantonly caused the said injury at a time when he was exercising more force than was reasonably necessary to prevent the alleged unlawful arrest.

In a motion for a new trial, the defendant alleged that the verdict was excessive, but there is no such assignment contained in the assignment of error filed here on appeal. Nor could we say from the testimony in the record before us that the verdict of the jury was in fact excessive.

Affirmed.

*Lee, Kyle, Holmes* and *Lotterhos, JJ.,* concur.