Touchstone, Justice of the Peace *v.* Moore

No. 40074          March 26, 1956          86 So. 2d 353

*Russell Wright,* Meridian, for appellant.

*Miller & Adams,* Meridian, for appellee.

KYLE, J.

Alonzo Moore, complainant, filed his original bill of complaint in the Chancery Court of Lauderdale County against Claude E. Love, Jr., Manager of the Diamond Shop, and the Diamond Shop and A. E. Touchstone, Sr., Justice of the Peace, defendants, seeking an injunction against all of the defendants enjoining them from the further prosecution of a garnishment proceeding in the justice of the peace court of A. E. Touchstone, a justice of the peace of District No. 1 of Lauderdale County, and seeking to recover actual and punitive damages because of the wrongful prosecution of the garnishment proceedings.

In his bill the complainant alleged that the defendant, Claude E. Love, Jr., manager of the Diamond Shop, had sued "Lonzy Moore" in the justice of the peace court of the defendant, A. E. Touchstone, for the sum of $24.35, together with interest, attorney's fee, and court costs, the suit being based upon an alleged contract which was not attached to the account filed in the justice of the peace court; that the complainant had employed Gerald Adams, a member of the Lauderdale County Bar, to represent him in the case, and that the attorney had notified the justice of the peace that he was representing the complainant and the justice of the peace agreed that the attorney would be notified when the case was to be tried; that the said attorney later had a conversation with

Claude E. Love, Jr., the manager of the Diamond Shop, and in the course of that conversation Love admitted that the contract sued on was not a contract of the complainant, but a contract for the purchase of a watch which Love claimed that the complainant's wife had purchased; and that subsequent to that conversation, on April 5, 1954, the said A. E. Touchstone, Justice of the Peace, without notice to the complainant or his attorney, had entered a judgment by default against Lonzy Moore for the sum of $53.78, which included items as follows: "Contract $24.35, Interest $9.75, Attorney's fees $12.18, Court Cost $7.50, making a total judgment in the sum of $53.78." The complainant further alleged that the defendant knew that no attorney had filed the above mentioned suit in the justice of the peace court for the Diamond Shop, or had appeared in the suit, or was entitled to any attorney's fee, and that the amount included in the judgment for such attorney's fee was a fraud; that the defendants also knew, or had reason to know, that the complainant was not indebted to the Diamond Shop in any sum whatsoever; and that in order to carry out their fraudulent scheme, they had knowingly and intentionally failed to notify the complainant's attorney when the case was to be tried.

The complainant further alleged that the defendant A. E. Touchstone, justice of the peace, had later issued a garnishment against the Nutrena Mills, the complainant's employer, and that the writ of garnishment had been served on the corporation and the complainant's check was being withheld from him as a result thereof, and at the time of the filing of the bill of complaint was in the hands of the justice of the peace; and that unless the complainant's pay check was released immediately and the Diamond Shop enjoined from further action under the void judgment and the garnishment writ, his family would be deprived of the necessities of life, and the complainant would probably lose his job.

The complainant asked for a temporary injunction, and that upon the final hearing the injunction be made permanent and that he be awarded $500 actual damages, including the expense of an attorney's fee, and the sum of $2,000 punitive damages.

The bill was filed on April 17, 1954, and the chancellor signed a decree on the same day ordering the issuance of a temporary injunction against Claude E. Love, Jr., manager of the Diamond Shop, the Diamond Shop and A. E. Touchstone, Justice of the Peace, upon the execution by the complainant of a $200 bond. The bond was duly executed and filed and the writ of injunction was duly issued and served.

The defendant A. E. Touchstone, Justice of the Peace, filed his answer on May 22, 1954, and in his answer admitted that suit had been filed in his Court by Claude E. Love, Jr., and the Diamond Shop against Lonzy Moore for the sum of $24.35, together with interest, attorney's fee and court costs, and that no contract was attached to the instrument filed, and that a summons had been issued and served upon the complainant in that case. The defendant also admitted that Gerald Adams had made a telephone call to him and had notified him that he represented Alonzo Moore, who had been sued as ''Lonzy Moore'', and that the defendant noted that fact on his docket. The defendant denied, however, that he had agreed that the attorney would be notified when the case was tried. The defendant denied that on April 5, 1954, he had entered a judgment against Lonzy Moore as set out in the bill of complaint, but averred that a judgment had been entered for the sum of $24.35, together with interest and costs. The defendant admitted that he knew that no attorney had filed the suit for the Diamond Shop, but denied that he knew that no attorneys were entitled to a fee, and he denied that the amount of the judgment was fraudulent or that the judgment included an attorney's fee. The

defendant admitted that after the rendition of the judgment he had issued a writ of garnishment against the employer of the complainant, and that the writ had been served on the corporation and that the complainant's check had been withheld from him and forwarded to the defendant by the employer. The defendant averred, however, that the check had been returned to the employer after the service of the writ of injunction, and the defendant denied that the complainant had suffered any damages as a result of any action taken by him in the matter.

On the same day that his answer was filed, the defendant A. E. Touchstone, justice of the peace, filed a motion to dissolve the injunction as to him on the ground that the court had no power or authority to issue an injunction against another court and that the injunction decree should have been directed against the parties to the proceeding only. A separate answer and a separate motion to dissolve the injunction were filed by Claude E. Love and the Diamond Shop.

The chancellor heard the motion of the defendant A. E. Touchstone, justice of the peace, to dissolve the temporary injunction on August 19, 1955, and at the conclusion of the hearing the chancellor overruled the motion, and granted an appeal to this Court to settle the controlling principles of the case as to whether a justice of the peace may be enjoined by the chancery court.

The only question presented for our decision on this appeal is whether the chancellor erred in overruling the appellant's motion to dissolve the injunction restraining his actions as justice of the peace in the garnishment proceedings.

We think that the chancellor erred in overruling the appellant's motion to dissolve the injunction restraining the actions of the appellant as a justice of the peace. An injunction to stay proceedings at law is one strictly in personam, is never directed to the legal tri-

bunal itself and acts only upon parties to the litigation or their immediate agents therein. Griffith's Mississippi Chancery Practice, 2nd Ed., 1950, par. 438.

■■■ This Court has held that the court of a justice of the peace is a court of record and of general jurisdiction, and that where a judgment of a court of general jurisdiction is attacked collaterally, unless the contrary affirmatively appears from the record, all jurisdictional facts are conclusively presumed to have existed, whether there are recitals in the record to show them or not, and the rule thus stated applies, although the judgment attacked was rendered by default, on constructive service of process alleged to be defective. Cotton v. Harlan, 124 Miss. 691, 87 So. 152. See also Simpson v. Phillips, 164 Miss. 256, 141 So. 897.

Pomeroy, in his Equity Jurisprudence, says:

"The injunction is not addressed to, nor does it operate upon, the courts of law; instead of denying or interfering with, it virtually admits and assumes, their jurisdiction. It is addressed to the litigant parties, and prohibits them from resorting to the legal jurisdiction, because their controversies, depending upon equitable principles, or involving equitable features, can only be fully and finally determined by a tribunal having the equitable jurisdiction. Injunction is the remedy which, above all others, necessarily operates in personam." Pomeroy's Equity Jurisprudence, Fifth Ed., Vol. 4, par. 1361.

The same principle is stated in 28 Am. Jur. 381, Injunctions, par. 191, as follows:

"In injunction, as in other suits, equity acts in personam. In the exercise of its power to restrain judicial proceedings in other courts or tribunals, courts of equity proceed not upon any claim of right to interfere with or control the course of proceedings in other

tribunals or to prevent them from adjudicating on the rights of parties when drawn in controversy and duly presented for their determination, but upon the theory that having jurisdiction of the persons of those involved, it may compel them to do or to refrain from doing whatever the equities of the case may require. An injunction decree or order restraining actions or proceedings in another court or quasi-judicial body is directed only to the parties. It is not addressed to the court or other tribunal and is in no sense a prohibition on it in the exercise of its jurisdiction.''

The appellee contends, however, that the chancery court had the right to enjoin the proceedings in the justice of the peace court under the facts alleged in the bill of complaint, and that the court had a right to direct the injunction decree restraining the proceedings to the justice of the peace as well as the parties. And the appellee cites in support of his contention the cases of Howell v. Kersh, 152 Miss. 266, 119 So. 186, and Swift & Co. v. Fox, 163 Miss. 783, 141 So. 277. But we think neither of those cases is controlling in this case. It is true that in the Kersh case the bill of complaint was filed against the justice of the peace, as well as Kersh, the sheriff and the county superintendent of education, and that the bill sought an injunction restraining each of the persons named from further action with reference to the judgment, and that a writ of injunction was issued. But it appears from the opinion in that case that the demurrer and the motion to dissolve the injunction were filed by the defendant Kersh. It does not appear that the justice of the peace either demurred to the bill or filed a motion to dissolve the injunction, and the question as to the authority of the chancery court to direct its injunction decree to the justice of the peace was not considered by the court on appeal.

Neither was the question as to the authority of the chancery court to direct its injunction decree against the

justice of the peace himself discussed in Swift & Co. v. Fox, supra.

■■ The injunction to stay the garnishment proceedings in this case should have been directed to the parties only, and should not have been directed to the justice of the peace as a prohibition on him in the exercise of his jurisdiction. And the appellant's motion to dissolve the injunction as to him should have been sustained.

The decree of the lower court is therefore reversed and the cause remanded.

Reversed and remanded.

*McGehee, C.J.*, and *Arrington, Ethridge* and *Gillespie, JJ.*, concur.