SIMPSON *v.* PHILLIPS.

(Division A.   May 30, 1932.)

[141 So. 897.   No. 30081.]

J. Knox Huff, of Forest, for appellant.

**O. B. Triplett, Jr.**, of Forest, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a judgment affirming a judgment of the justice of the peace brought to the court below by a writ of certiorari. The docket entries of the justice of the peace are as follows:

| "Name of Parties | Sum Demanded | Process When issued | When Returnable. |
|---|---|---|---|
| E. H. Simpson<br>vs.<br>H. M. Phillips | $120.91 | 3/2/31 | 3/16/31 |

| | Witnesses | Officers return. |
|---|---|---|
| Cause of Action<br><br>Open Account | C. D. Denson<br>Vick Laird<br>Mrs. H. M. Phillips<br>F. K. Weems<br>Served on the 12th day of March 1931. | I this day executed the within writ by delivering to the within name, H. M. Phillips, a true copy of this writ more than 5 days before the return day of the within writ. Done this the 4th day of March A. D. 1931. T. M. McGough, Constable, F. R. Walters, J. P. |

"Judgment or disposition of case.

"This cause came on for hearing and the plaintiff and defendant each appearing in the court, the court is of the opinion that the plaintiff take nothing by his suit.

"It is therefore ordered and adjudged that plaintiff take nothing by his suit and that the plaintiff pay all costs for which let execution issue.

"Ordered this the 16th day of March, 1931.

"F. R. WALTERS, J. P."

The defects alleged by the appellant to appear on the face of the judgment are that it does not appear therefrom that issue was joined by the litigants, evidence heard, and a decision made by the court thereon.

Considerable is said in the petition on which the writ was granted, and in the return of the justice of the peace thereto, as to what occurred when the judgment was rendered, but the court below was, and this court is, "confined to the examination of questions of law arising or appearing on the face of the record and proceedings"

in the court of the justice of the peace. Section 72, Code 1930. Issue should be joined before the trial of a case on its merits; but this may be done in the court of a justice of the peace ore tenus, and it is not necessary for his judgment to recite the fact. All that is necessary to constitute a complete judgment is for it to identify the parties and set forth the relief granted, provided it appears therefrom to have been made by the court in whose records its entry is written. 1st Freeman on Judgments (5 Ed.), sec. 73; Ladnier v. Ladnier, 64 Miss. 368, 1 So. 492. The court of a justice of the peace is a court of record, section 2076, Code 1930, and of general jurisdiction. Cotton v. Harlan, 124 Miss. 691, 87 So. 152. And of such courts "the presumption of law is that the court had sufficient proof before it before rendering the judgment; and there is no rule of law which requires the judgments of a court of record to express upon their face that they are rendered after due proof." Wade v. Hurst et al., 143 Ga. 26, 84 S. E. 65, 66. The same presumption exists even as to judgments of courts of special and limited jurisdiction where the jurisdiction of the person and subject-matter appears therefrom. Scott v. Porter, 44 Miss. 364; Root v. McFerrin, 37 Miss. 17, 75 Am. Dec. 49. The recital in the judgment that "the court is of the opinion that the plaintiff take nothing by his suit" clearly indicated that the justice of the peace had reached a conclusion as to what relief he would grant, which fact, moreover, is indicated by the granting of the relief.

Affirmed.