United States Court of Appeals,

Fifth Circuit.

No. 91–2676

Summary Calendar.

Robert HENSCHEN, Houston Non-Violent Action, et al., Plaintiffs-Appellants,

v.

CITY OF HOUSTON, TEXAS, Defendant-Appellee.

April 30, 1992.

Appeal from the United States District Court for the Southern District of Texas.

Before JONES, DUHÉ, and WIENER, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Appellants, Robert Henschen, Houston Non-Violent Action, the Reverend Jew Don Boney, and Black United Front of Houston challenge the district court's dismissal of their § 1983 complaint seeking (1) damages from the past denial of a parade permit by the City of Houston and (2) declaratory and injunctive relief against the operation of the City's ordinances regulating "parades" and "street functions." The district court held that no justiciable controversy arose from these allegations. Appellants contest this conclusion and also contend that the dismissal violated this court's mandate in a previous appeal. We affirm in part and reverse and remand in part.

I.

BACKGROUND

For several months before the start of the seven-nation 1990 Economic Summit in Houston, appellants wrangled in and out of federal court with the City of Houston over their application for a parade permit on Sunday, July 8, the summit's opening day. The district court granted a preliminary injunction and refused to stay its order requiring the City to authorize a "street function" permit for appellants' planned march. This court stayed the district court's orders pending appeal, having been persuaded that the district court's ruling on the merits was likely wrong and that the City, burdened

already by having to supply security for the President and six other heads of state, would suffer irreparable harm without such relief.[1]

After this flurry of activity, the summit commenced, the appellants conducted on July 8 a march of sorts not classified as a "parade" or "street function," and the case continued in the district court. A couple months later, appellants amended their complaint to claim damages for the refusal of their July 8 parade permit and to re-assert their declaratory and injunctive challenge against the City's parade and street function ordinances. They also moved for dismissal of the City's appeal of the preliminary injunction, contending that that order had become moot after July 8. This court agreed; we remanded the case to the district court "with instructions to dismiss as moot so much of the cause as seeks injunctive relief with respect to a parade or similar permit for July 1990." This court rejected the City's weak protest that it should proceed to the merits, noting that an appeal of a preliminary injunction order carries no such obligation where the case remains pending in the court below. *Marilyn T., Inc. v. Evans,* 803 F.2d 1383, 1385 (5th Cir.1986).

Following dismissal of the appeal, the district court attempted to comply with this court's order by dismissing "all of the plaintiffs' claims that seek injunctive relief," while offering them the opportunity to amend their pleadings within 30 days. The pleadings were not further amended. Consequently, in early May 1991, the court determined, after a review of appellants' pleadings, that the sole case or controversy arose out of the denial of a permit for an occasion long past. The court declared that there was no case or controversy and then dismissed the entire case without prejudice.

---

[1]This Court concluded that there was a substantial likelihood that the trial court's injunction would ultimately be vacated. In this connection, this court emphasized that there was "no credible suggestion that the City of Houston is engaged in any content based regulation. Rather, the City is engaged solely in a content neutral task of allowing all groups to participate while maintaining order.... Plaintiffs understandably wish to gain access to the bright media spotlight the Economic Summit has brought to the City of Houston. There is no question but that these plaintiffs could have had a parade permit other than July 8, the requested day; that a sidewalk march is always allowed and that a rally in designated areas was also available, even on July 8, 1990. There is also no question but that the City has administered the ordinance on a first-come-first-served basis and plaintiffs were not first, at least as to the particular day on which they wished to conduct their parade."

Appellants promptly moved for reconsideration under Fed.R.Civ.P. 59, alleging two grounds of error. Appellants asserted that their claim for § 1983 compensatory damages and attorneys' fees under 42 U.S.C. § 1988 constituted a live controversy. Additionally, appellants pointed to their allegations in the amended complaint that, as political activists and activist organizations, they have participated in or organized numerous street demonstrations in the past and "can reasonably expect to be denied access to the streets of Houston [in the future] for free speech purposes by operation of" the city parade ordinances. Appellants did not assert that the district court's action had contravened the mandate of the Fifth Circuit.

Responding to the Rule 59 motion, the City asserted that appellants' claimed damages from the denial of a parade permit for July 8, 1990, were too insubstantial and speculative to satisfy the "case or controversy" requirement. The City also contended that appellants' request for permanent injunctive relief fell short because they did not allege that they would ever be denied a parade permit at a future date or that they intended to stage a parade requiring a city permit on any particular future date. In the City's view, this completely conjectural assertion of the unconstitutionality of the City's ordinances was legally insufficient.

Shortly afterward, when the district court denied appellants' Rule 59 motion, he stated that he had "heard the arguments of counsel." From this we infer the district court's familiarity with the parties' Rule 59 pleadings.

## II.

## DISCUSSION

### A. This Court's Mandate

On appeal, for the first time, appellants contend that the district court's orders of dismissal transgressed this court's earlier mandate dismissing, with instructions, the appeal of the preliminary injunction. The foregoing recitation of the record plainly contradicts appellants' position. First, in

declining to rule on the merits of this case when the City's appeal of the preliminary injunction had become moot, this court did not foreclose or limit the district court's discretion to deal with the case on remand. Rather, this court decided that it need not undertake a merits discussion while the case appeared to remain pending in the court below. Second, at the time the district court denied appellants' Rule 59 motion for reconsideration of its dismissal orders, it confronted two arguments: the appropriateness of damages and the speculativeness of injunctive relief. The court's ruling, even if perfunctory, necessarily dealt with those "merits" issues. No party suggested that the court could not rule on those issues because of the Fifth Circuit's mandate. The district court's orders do not contravene this court's mandate.

Appellants' failure to direct this argument to the district court's attention would ordinarily constitute a waiver absent manifest injustice. *Rodriguez v. VIA Met. Transit Sys.,* 802 F.2d 126, 128 (5th Cir.1986). We address the issue only because it implicates this court's mandate. The issue, as shown, is meritless.

B. Propriety of Dismissal

Appellants contend alternatively that their claims for monetary damages from the denial of the July 8, 1990, permit and of likely injury from future applications of Houston's parade ordinances are sufficiently concrete to assert an actual case or controversy. Justiciability must be analyzed separately on the issues of money damages and the propriety of equitable relief. *City of Los Angeles v. Lyons,* 461 U.S. 95, 110, 103 S.Ct. 1660, 1669, 75 L.Ed.2d 675 (1983); *Brown v. Edwards,* 721 F.2d 1442 (5th Cir.1984).

Both appellants and the city framed the justiciability issue in terms of mootness, but this characterization is unsatisfactory. A case is moot where the cause of action is no longer live, or where the parties no longer hold a personal stake in the outcome. *Matter of Commonwealth Oil Ref. Co.,* 805 F.2d 1175, 1181 (5th Cir.1986), *cert. denied,* 483 U.S. 1005, 107 S.Ct. 3228, 97 L.Ed.2d

734 (1987). Time has rendered moot appellants' request for immediate injunctive relief, but the claims for money damages and prospective equitable relief are not, for different reasons, in the same category.

Whatever else it may be, a claim for money damages did not become moot when the Economic Summit ended. If appellants' rights were violated by the denial of a parade permit, and if that refusal caused actual damage, they have stated a live claim under § 1983. It goes without saying that such damage must compensate for actual harm, not just for the intangible value of a constitutional right. *Memphis Community Sch. Dist. v. Stachura,* 477 U.S. 299, 306, 106 S.Ct. 2537, 2542, 91 L.Ed.2d 249 (1986); *Carey v. Piphus,* 435 U.S. 247, 255, 98 S.Ct. 1042, 1048, 55 L.Ed.2d 252 (1978). Further, appellants must advance a viable, not insubstantial damage claim. *Memphis Light, Gas & Water Div. v. Craft,* 436 U.S. 1, 9, 98 S.Ct. 1554, 1560, 56 L.Ed.2d 30 (1978).

Appellants pled that they suffered embarrassment and humiliation by the denial of a parade permit for July 8, 1990. The source of this embarrassment is difficult to discern, because the record suggests that they were afforded the opportunity to demonstrate on the sidewalk, mount their parade on an alternative day—within the duration of the Economic Summit—or conduct a rally. But even if it may be unlikely that appellants will demonstrate the basis for a real injury that can be fairly attributed to the City's alleged unconstitutional conduct, *see Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984), we cannot say that their claimed damages are too speculative to state a § 1983 claim for relief. Accordingly, we reverse and remand the dismissal of appellants' damage claim.

With more vigor, appellants urge that they are still entitled to prospective injunctive relief against the City's parade ordinance. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, [ ] if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton,* 414 U.S. 488, 495–96, 94 S.Ct. 669, 675–76, 38

L.Ed.2d 674 (1974). While "past wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury," plaintiffs must show that they are imperiled by a present threat of unlawful speech restrictions. *Id.* at 496, 94 S.Ct. at 676. The Supreme Court has also cautioned that "[e]specially where governmental action is involved, courts should not intervene unless the need for equitable relief is clear, not remote or speculative." *Eccles v. Peoples Bank,* 333 U.S. 426, 431, 68 S.Ct. 641, 644, 92 L.Ed. 784 (1948).

The appellants Houston Non-violent Action, Robert Henschen, Jew Don Boney and Black United Front formed a loose confederation of community activists who coalesced to demonstrate at the 1990 Economic Summit. Upon the conclusion of the Summit, their *raison d'etre* withered. After staging their demonstration the group wholly dissolved, except for the purpose of pursuing this action. Thus, they suffer no continuing threat of harm from the City's enforcement of the parade permit scheme. Whether and under what circumstances these plaintiffs would again merge for a parade is entirely speculative. As such, the appellants present no justiciable claim for equitable relief. *Lyons,* 461 U.S. at 102, 103 S.Ct. at 1665; *Adams v. McIlhany,* 764 F.2d 294, 299 (5th Cir.1985), *cert. denied,* 474 U.S. 1101, 106 S.Ct. 883, 88 L.Ed.2d 918 (1986).

Appellants' reliance on *City of Houston v. Hill,* 482 U.S. 451, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987) is unavailing and, in fact, proves our point. Hill, a homosexual activist, adopted the role of "citizen-provocateur" and frequently harassed Houston City police officers as they performed duties unrelated to Hill. Hill had been arrested on four occasions for interrupting a police officer and testified that he intended to continue similar activities. Hill sought injunctive relief against the police department, claiming that the ordinance under which he had been arrested was unconstitutionally overbroad. There was no question whether Hill alleged a live case or controversy; instead, the defendant claimed Hill lacked standing to sue. The Supreme Court found that Hill demonstrated a genuine threat of continued enforcement of the ordinance against him, based on his past activities and his firm assertion that he would continue to harass police officers. *Id.* at 459, n. 7, 107 S.Ct. at 2508,

n. 7.  Unlike Hill, who exhibited a continuum of behavior, these appellants joined forces for a one-time demonstration at a singular event, which is now long past.  Their self-proclaimed status as community activists, which is unquestioned for pleading purposes, nevertheless fails to demonstrate that they routinely, or even occasionally, promote their causes by means of parades.  Even assuming that these appellants seek to conduct parades, the nature of this first-come, first-served ordinance is such that appellants would be denied a permit only if they are not the first applicants for one.  The likelihood that the ordinance will interfere with their activism is thus even more speculative, in stark contrast with Raymond Hill's case.

Plaintiffs alternatively try to avert a declaration of non-justiciability by invoking an exception to the case or controversy requirement.  A controversy survives justiciability analysis if it is likely to recur, yet may evade review.  *Moore v. Ogilvie,* 394 U.S. 814, 816, 89 S.Ct. 1493, 1494, 23 L.Ed.2d 1 (1969).  This exception requires satisfaction of two components:  the duration of the challenged action must be too short to enable the parties to litigate fully, and there must be a reasonable expectation that the same party will again be subject to the same action.  *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975) (per curiam).  We cannot reasonably expect that an ad hoc organization whose purpose has expired will again be denied a parade permit.  Nor does the nature of the underlying action defy the time requirements of litigation, even in the crowded dockets of the federal courts.  Unique events and recurring holidays are well-scheduled and quite predictable.[2]  It is not unreasonable to require advance planning on the part of would-be participants and paraders.[3]

---

[2]Activists have already begun to assert parade requests during the Republican National Convention scheduled for August, 1992 in Houston.  *Houston Chronicle,* Feb. 26, 1992 at 13.

[3]Appellants also contend their claim for attorney fees under 42 U.S.C. § 1988 presents a justiciable case or controversy.  However, they have not prevailed on either the damages or injunctive relief claim, and cannot claim to be a prevailing party entitled to attorney fees.  To be eligible for attorney fees under § 1988, this court requires that a § 1983 plaintiff succeed on some "significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit."  *Estate of Farrar v. Cain,* 941 F.2d 1311, 1313 (5th Cir.1991) (quoting *Texas State Teachers v. Garland Indep. School Dist.,* 489 U.S. 782, 791–792, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989), *cert. granted sub nom. Farrar v. Hobby,* —— U.S. ——, 112 S.Ct. 1159,

Our decision that appellants have not asserted a sufficiently concrete injury to warrant justiciability of their injunctive claim against the City's parade ordinance is not mean-spirited. It is not this court's proper role to issue advisory opinions on the facial constitutionality of local ordinances. Particularly here, the City has crafted a set of integrated ordinances, designed to balance community interests in safety, order, and assembly, which do not have an obviously arbitrary or restrictive impact. The burden should lie upon the challenger of such a regulatory scheme to assert his standing by showing that the challenged ordinance disadvantages his free speech interests in some tangible way, before we are called to intrude upon local legislative prerogative. To rule on the facial constitutionality of the one-parade-a-day ordinance simply because one *ad hoc* group failed to receive a permit on one occasion would be no more than a prediction.[4]

CONCLUSION

Plaintiffs' ultimate prayer for relief—a declaration that the parade ordinance is overbroad—invokes a remedy which we may apply only "sparingly and as a last resort." *Broadrick v. Oklahoma,* 413 U.S. 601, 613, 93 S.Ct. 2908, 2916, 37 L.Ed.2d 830 (1973). Certainly, such action must be reserved for the day when a truly justiciable case is at bar. While appellants have alleged a claim for damages that is not patently insubstantial, they have not alleged standing to assert their claim for prospective equitable relief. The decision of the District Court is therefore AFFIRMED in part, REVERSED and REMANDED in part.

---

—— L.Ed.2d —— (1992). A remand for trial on damages makes a claim for § 1983 attorneys fees possible, but hardly actual.

[4]In *NAACP, Western Region v. City of Richmond,* 743 F.2d 1346 (9th Cir.1984), the court allowed NAACP to proceed on a facial challenge to a municipal parade ordinance. Among numerous distinctions between that case and this are the facts that NAACP desired to parade to protest a black man's death at the hands of local police, and this was the fifth occasion in three years in which such a death had occurred.