DAN M. LEE, Presiding Justice,
for the Court:
This appeal arises from the December 5, 1991, modification of several prior judgments rendered in the Calhoun County Circuit Court. In his modification order, the trial judge held that pursuant to Miss.Code Ann. § 99-15-17, Billy Gibson, as appointed counsel representing indigent criminal defendants at preliminary hearings in justice court, was limited to a fee of $200 per case plus out-of-pocket expenses for mileage.
After our de novo review, we determine that the statutory limit of $200 plus out-of-pocket expenses does not apply to courts of record. We hold that a justice court is, by definition, a court of record, and the lower court erred in its failure to interpret Miss. Code Ann. § 99-15-17 to include the justice courts.
Accordingly, we reverse the chancellor’s ruling and render judgment here in favor of Mr. Gibson for the original fees requested in the amount of $2,970.13.
STATEMENT OF THE CASE
The Calhoun County Board of Supervisors [“the Board”] filed a “Motion to Controvert” in the Calhoun County Circuit Court alleging that six prior orders by the trial court granting fees to Mr. Bill Gibson, as appointed counsel, in excess of the statutory maximum were contrary to Miss.Code Ann. § 99-15-17 (1972). The Board requested that the court vacate and set aside its prior orders, or in the alternative, amend the orders to comply with the aforementioned statute.
On December 5, 1991, the trial judge entered an order which altered, modified and amended its previous orders allowing fees in excess of the statutory maximum. The amended order provided for a fee of $200 per case plus out-of-pocket expenses for mileage.
Mr. Gibson filed a motion for new trial, which was denied on December 11, 1991. Mr. Gibson, aggrieved, filed a timely notice of appeal, assigning the following as errors:
*313 I. EXCLUSIVE JURISDICTION OF FELONY CRIMES IS AT ALL TIMES, FROM THE INITIATION OF THE CHARGES, UNTIL FINAL DISPOSITION, VESTED IN THE CIRCUIT COURT, UNLESS PROPERLY REMOVED BY OR APPEALED TO A SUPERIOR COURT.
II. THE AMOUNT (WITHIN THE STATUTORY LIMITS) OF HONORARIUM OR PROFESSIONAL FEE TO BE PAID AN APPOINTED ATTORNEY FOR REPRESENTING AN INDIGENT IN A FELONY CRIME IS WITHIN THE SOUND DISCRETION OF THE CIRCUIT COURT JUDGE HAVING JURISDICTION, WHOSE DECISION THEREON IS FINAL.
III. AN APPOINTED ATTORNEY HAS THE DUTY TO REPRESENT HIS CLIENT DILIGENTLY AT EVERY STAGE OF A FELONY PROSECUTION AND SHOULD NOT BE PENALIZED, IF THROUGH HIS EFFORTS, PROSECUTION IS DISCONTINUED PRIOR TO INDICTMENT.
IV. IF APPELLANT BE MISTAKEN IN THE ABOVE PROPOSITIONS, HE ALTERNATIVELY SAYS:
A JUSTICE COURT IS A COURT OF RECORD, AS CONTEMPLATED BY THE STATUTES ESTABLISHING PROFESSIONAL FEES OR HONORARIUM TO BE PAID APPOINTED ATTORNEYS.
STATEMENT OF THE FACTS
Appellant, Mr. Bill Gibson, was appointed to represent six indigent defendants accused of felony crimes ranging from aggravated assault to burglary. Due to Gibson’s efforts, all charges against each defendant were dismissed after a preliminary hearing in justice court.
Following the representation of each defendant, Mr. Gibson submitted time and expense itemization statements to the circuit court judge, based on an hourly honorarium of $65.00 per hour plus mileage expenses. On several dates, from the period June 17, 1991 through August 29,1991, the trial judge issued orders for the payment of requested fees to the appellant, Mr. Gibson, for his services as appointed counsel.[1]
Upon receipt of the orders, the Calhoun County Board of Supervisors declined to pay the requests. The Board did not question the time and expense itemization statements of Mr. Gibson. Their refusal to pay was based solely on Miss.Code Ann. § 99-15-17 and a pending request filed with the Attorney General for an opinion interpreting the provisions of that statute.
Prior to its refusal, the Board had requested an opinion from the Attorney General on the following issues:
“What is the maximum amount an appointed attorney may be paid for representing a criminal defendant who is charged with a felony, but who is discharged as a result of the preliminary hearing held before the justice court judge?
If your answer to the above is $200.00, pursuant to § 99-15-17, what action would you recommend the Board of Supervisors take when confronted with a fee petition from an appointed attorney requesting payment in excess of $200.00 for services rendered prior to and at a preliminary hearing and the fee petition an and the amount requested for payment has been approved by one of the circuit judges?”
On August 26, 1991, the Attorney General’s Office, issued an advisory opinion concerning the statute in question. The Attorney General’s opinion stated:
*314 “In response to your first question, § 99-15-17 of the Code provides that in representation of indigents where ‘the ease is not appealed to or does not originate in a court of record, the máximum compensation shall not exceed two hundred dollars ($200.00) for any one case, the amount of such compensation to be approved by a judge ... ’ The statute also provides, ‘In addition the judge shall allow reimbursement of actual expenses.’ The case of Wilson v. State, 574 So.2d 1338 (Miss 1990) held that, in a capital case, actual expenses should be presumed (rebuttable) to equal $25.00 per hour.”
On October 15, 1991, the Board filed a motion to controvert, based on the opinion received from the Attorney General. Upon review of the Board’s motion, the trial judge entered an order to modify the six orders previously granted allowing fees in excess of the statutory maximum for non record courts. This appeal followed as a result of the modification.
ANALYSIS
After a careful review of the record, briefs and relevant authorities, we find merit as to assigned error # IV requiring reversal and therefore find it unnecessary to pass upon errors # I, II, and III.
IV. A JUSTICE COURT IS A COURT OF RECORD, AS CONTEMPLATED BY THE STATUTES ESTABLISHING PROFESSIONAL FEES OR HONORARIUM TO BE PAID APPOINTED ATTORNEYS.
A.
This Court must review questions of law de novo. Harrison v. City of Gulfport, 557 So.2d 780, 784 (Miss.1990); Cole v. National Life Ins., 549 So.2d 1301, 1303 (Miss.1989); Busching v. Griffin, 542 So.2d 860, 863 (Miss.1989); Boggs v. Eaton, 379 So.2d 520, 522 (Miss.1980).
The record indicates that prior to the ease subjudice, the Board had routinely tendered payment based on a rate of $65.00 per hour to appointed counsel. In accordance with the established rate, the trial judge, without hesitation, ordered payment to Gibson, in each case, a fee of $65.00 per hour plus itemized expenses.
However, the board had recently been made aware of Miss.Code Ann. § 99-15-17, and refused to comply with the order of the trial court. This refusal was an attempt by board members to avoid risk of personal liability for payments made in excess of the statutorily prescribed amount. Upon receipt of the opinion of the Attorney General, the Board stood firm in its refusal and filed a motion to controvert.
As a result of the Board’s motion, the trial judge modified his original order to state, “the maximum that the Court can authorize exclusive of out-of-pocket expenses or overhead expenses is the $200 fee allowed under § 99-15-17.”
Our decision today is governed by this Court’s interpretation of Miss.Code Ann. § 99-15-17 (1972) provides as follows:
“The compensation for counsel for indigents appointed as provided in section 99-15-15, shall be approved and allowed by the appropriate judge and in any one (1) case may not exceed one thousand dollars ($1000.00) for representation in circuit court whether on appeal or originating in said court. Provided, however, if said case is not appealed to or does not originate in a court of record, the maximum compensation shall not exceed two hundred dollars for any one (1) case, the amount of such compensation to be approved by a judge of the chancery court, county court, or circuit court in the county where the case arises ...” (emphasis added)
Mississippi case and statutory law define the justice court as “a court of record.” Miss.Code Ann. § 9-11-15 states in pertinent part:
... [justice court] shall be a court of record with all the power incident to a court of record, including power to fine in the amount of fine and length of imprisonment as is authorized for a municipal court in Section 21-23-7(11) for contempt of court, (emphasis added)
*315 Moreover, this Court has held that justice of the peace court is one of record and of general jurisdiction. Simpson v. Phillips, 164 Miss. 256, 141 So. 897 (1932). See also Kitchens v. State, 253 Miss. 734, 179 So.2d 13 (1965); Cotton v. Harlan, 124 Miss. 691, 87 So. 152 (1921).
If a case is “on appeal or originates in a court of record,” the statutory maximum of $200 is not applicable. Miss.Code Ann. § 99-15-17. Accordingly, under this statute, the trial judge is authorized to award an order of payment up to $1000, and is not confined to the $200 statutory cap that should be applied in nonrecord courts. Thus, in the case sub judice, the trial judge was not restricted by the $200 limitation simply because these six eases originated in justice court, which we find to be a court of record.
The time and expense statements submitted by Gibson referenced an hourly overhead of $65.00 per hour and mileage expenses incurred as a result of his appointment. Under Miss.Code Ann. § 99-15-17, the trial judge, is also empowered to approve the reimbursement of actual expenses. In Wilson v. State, 574 So.2d 1338, 1340-41 (Miss.1990), this Court held:
“Although § 99-15-17 limits the compensation which an attorney may receive for the representation of an indigent, it allows for ‘reimbursement of actual expenses.’_ For ease of administration and to avoid a lot of satellite litigation, we create a rebuttable presumption that a court appointed attorney’s actual overhead within the statute is $25.00 per hour. However, the trial court is bound by this only in the absence of actual proof to the contrary-proof offered by the lawyer that it is more or by the State that it is less.”
... We reemphasize the point that the trial court is bound by the $25.00 per hour figure only when proof to the contrary is not forthcoming. The hours submitted by an attorney are subject to scrutiny under a reasonable and necessary standard, (emphasis added)
While Mr. Gibson, arguably, did not incur overhead of $65.00 per hour, his fee should not be limited to the $200 cap applied under the statute in nonreeord courts. Under the specific facts of the case sub judice, however, the Board stated that it had no problem with paying Mr. Gibson the requested amount and did not question the amount of time reflected in the itemized statements. The Board characterized the fees requested by Gibson as “fair and reasonable.”
Therefore, we reverse the modification order of the trial court, and render judgment here in favor of Mr. Gibson, based on the submitted statements of time and expenses, in the amount of $2,970.13.
REVERSED AND RENDERED.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.

. The trial judge ordered payment of expenses based on representation of indigent defendants as follows:
State v. Frederick Beil -June 17, 1991 $558.25
State v. Frederick Beil -June 17, 1991 $384.75
State v. Sherry Spears -June 24, 1991 $446.43
State v. Joe W. Thompson -July 29, 1991 $249.44
State v. Ira Everhart -Aug. 29, 1991 $821.93
State v. Ira Everhart -Aug. 29, 1991 $509.33